Patrick McDonald, Respondent, *v*. The Long Island Railroad Company, Appellant.

In an action to recover damages for injuries received in alighting from one of defendant's cars, in which plaintiff was a passenger, the testimony on his behalf was to the effect that he sat near the front door of the car and as soon as the train stopped at the station to which he had taken passage he passed out the front door and, as he placed his foot on the last step of the car and was stepping off he let go of the step rail, and by a sudden jerk of the train in starting, was thrown to the ground and one of his feet run over and crushed. This was on a very dark night. No one in defendant's employ was at the front end of the car. *Held*, that the facts appearing from plaintiff's testimony, if taken as true, furnished all the facts requisite to establish defendant's liability and no countervailing deductions could reasonably arise; and that, therefore, a charge of the court that if the jury believed the testimony on the part of plaintiff he was entitled to recover, was not error.

It is the duty of a railroad company to give passengers a reasonable opportunity to leave its trains at stations where they stop.

The company is not relieved from the performance of this duty in a particular case by the fact that the conductor did not know the passenger intended to leave and did not see him leaving the car, unless the passenger was so situated as to be concealed from observation.

The fact that a passenger proceeds to leave a train at a station where it has stopped ought, for the purpose of his protection, to be known by the company through its servants, and, therefore, so far as that is essential it is deemed chargeable with knowledge.

(Argued October 31, 1889; decided November 26, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 15, 1887, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the facts are sufficiently stated in the opinion.

*Edward E. Sprague* for appellant. The trial court erred in charging the jury that if they believed the evidence of plaintiff and his witness he was entitled to a verdict. (*Greenwood* v. *Schumaker*, 4 Week. Dig. 397; 82 N. Y. 614; *Union Bk.* v. *Mott*, 39 Barb. 180, 185; *Clarke* v. *Dutcher*,

9 Cow. 674; *Worrall* v. *Parmelee*, 1 N. Y. 519; *Dolan* v. *D. & H. Co.*, 71 id. 289, 290.) Negligence is ordinarily a question of fact, even where the evidence is uncontradicted. (*Payne* v. *T. & B. R. R. Co.*, 83 N. Y. 574; *Viner* v. *N. Y. S. Co.*, 50 id. 26; *Bernhardt* v. *R. & S. Co.*, 23 How. Pr. 168; *Palmer* v. *N. Y. C. & H. R. R. R. Co.*, 112 N. Y. 245; S. & R. on Neg. 8, § 11; *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 59 N. Y. 471.) It was competent for the jury to find that the plaintiff did not show himself free from fault. (*Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 248; *Lee* v. *T. C. G. L. Co.*, 98 id. 115; *Becht* v. *Corbin*, 92 id. 658.)

*J. Stewart Ross* for respondent. If the accident happened as stated by the plaintiff and the witness Fox, plaintiff was entitled to a verdict. (*Milliman* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 642; *Sauter* v. *N. Y. C. & H. R. R. R. Co.*, Id. 50; *Colt* v. *S. A. R. R. Co.*, 31 J. & S. 189; 49 N. Y. 671; *Taber* v. *D. & L. R. R. Co.*, 71 id. 489; *Monroe* v. *T. A. R. R. Co.*, 18 J. & S. 114; *Beecher* v. *N. Y. C. & H. R. R. R. Co.*, 98 N. Y. 112; *Keating* v. *N. Y. C. & H. R. R. R. Co.*, 49 id. 673; *Dickens* v. *N. Y. C. & H. R. R. R. Co.*, 1 Abb. Ct. of App. Dec. 504; *Cauldwell* v. *Murphy*, 1 Duer, 233; Addison on Torts, § 545.) The jury had the right to disbelieve the evidence of Klinger, Feldman and Stephenson, if the jury believed their statements to be intrinsically impossible, although they were not impeached. (*Stillwell* v. *Carpenter*, 2 Abb. N. C. 238; *Stafford* v. *Leamy*, 2 J. & S. 294; *Tracy* v. *Town of Phelps*, 1 Kan. L. J. 38.)

Bradley, J. The action was founded upon the charge of negligence of the defendant, by which the plaintiff sustained personal injuries. In the evening of April 27, 1885, the plaintiff took passage on a train upon the defendant's railroad, at Flatbush, to ride to a station at Rockaway avenue, and in alighting at the latter place, he received the injury complained of. The evidence on the part of the plaintiff was in conflict with that introduced by the defendant in respect to the facts essential to support the charge of negligence of

the defendant, and to relieve the plaintiff from the imputation
of contributory negligence.   The court charged the jury that:
"The question is simply which story is true.   Is the story told
by the plaintiff and the witness Fox true, or is the story told
by the passengers who were called as witnesses for the defend-
ant true?   If you believe the plaintiff's statement, he is
entitled to a verdict.   If you find that the accident occurred
in the way stated by the defendant's witnesses, then, plainly,
the defendant is not liable, because the accident was not
caused by fault on the part of the railroad company's servants."

The defendant's counsel excepted to the charge that: "If
the jury believe the testimony of the plaintiff and Mr. Fox,
the plaintiff is entitled to recover;" and requested the court
to charge "that it is for the jury to draw that inference."
The justice presiding then added: "I will leave it for the
jury to say whether it would not be negligence if he started
to get off the train while in motion."   The question presented
on this review arises upon such exception to the charge.

If there was any opportunity for inference upon this testi-
mony on the part of the plaintiff, taken as true, that negli-
gence of the defendant or the freedom of the plaintiff from
contributory negligence was not established by it, the charge
was error, and although the exception was not taken to the
charge precisely as made, it may be treated as fairly raising
the question whether the instruction was warranted by the
facts as represented by the testimony, on the part of the
plaintiff, to which the court referred, which was to the effect
that the plaintiff sat near the front door of the car; that as
soon as the train stopped at the Rockaway avenue station, he
arose from his sea; and proceeded to leave the car by going
out of that door; that when he had placed one foot on the last
or lowest step, and was proceeding to step off the car with the
other foot, which was on the next step above, he was, by a
sudden jerk of the train in starting, thrown to the ground and
one of his feet was run over and crushed.

It is the duty of a railroad company to give passengers a
reasonable opportunity to leave its train at stations where it

stops, and reasonable diligence on the part of its passengers in alighting from it is also required. In this instance upon the testimony as given on the part of the plaintiff, if taken as true, the conclusion was required, that the train did not stop a reasonable or sufficient time for the plaintiff to leave it before it started, and for that reason that the defendant was chargeable with negligence in that respect unless there was some other fact bearing upon that question for the consideration of the jury. It is argued that the defendant may have been relieved from this charge of negligence by the fact, if so found, that the conductor had no knowledge that the plaintiff desired to leave the train at that station. It may be that the conductor did not have such knowledge, and that he did not see the plaintiff when he left his seat, and thus failing to observe that any passenger was leaving the train, he may have deemed delay unnecessary. The conductor may have been at the rear end of the car, and it appears that no one in the employ of the defendant was at the front end of it. The fact that the conductor did not know that the plaintiff intended to leave, and did not see him leaving the car, cannot furnish the defendant with an excuse for not giving the plaintiff a reasonable time to get from the train, unless the latter was so situated as to conceal himself from observation.

He was sitting on a seat in the car, designed for passengers, until he started to leave. He was entitled to time to get off; and if the injury was occasioned by reason of the failure of the defendant to give him such time before the train was started, it was guilty of negligence. Such opportunity to alight from a train is within the undertaking assumed by a railroad company, and the safety of travel requires the observance of that duty. The fact that a passenger proceeds to leave a train at a station where it has stopped ought, for the purpose of his protection, to be known by the company, through its servants, and, therefore, so far as that is essential, it is deemed chargeable with knowledge; and if the proper discharge of duty in that respect requires more means of observation or precaution it should be furnished. The defense

cannot successfully rest upon the inference that the conductor was in a situation where he could not or did not observe the purpose of the plaintiff to depart from the train. It is also urged that the circumstances were such as to permit the finding, upon the plaintiff's testimony, that he was not free from negligence. It is not claimed that the plaintiff did not proceed with reasonable diligence to alight, but it is insisted that the inference was permitted that he did not use reasonable care in doing so, upon the statement given by him of the circumstances. He having the burden of proof to establish such care, is entitled to the benefit of no presumption in support of his diligence or caution.

It was very dark. He says: " I took hold of the rail and stepped down on the first step, then I had my foot on the last step, and was going to step off, and the train started and the jerk of the car knocked me over. There is a platform and two steps, and then from there off the car. Before the car started I was off the platform, my right foot was on the last step, and my other foot on the other; my left foot was on the middle step of the platform, and my right foot on the last step. I was about to step off the car on the platform; I let go to step down; as soon as I let go it started ; I did not have hold of anything when the car started ; I had no warning that the car was about to start." The plaintiff had the right to assume that he would have reasonable opportunity to get off the train before it started. And it is not seen that his omission to retain his hold onto the railing, if it were practicable to do so, at the moment he was about to step from the car onto the platform of the station, could, under such circumstances, furnish any imputation of negligence on the part of the plaintiff. While the darkness called for the exercise of caution on the part of the plaintiff, his statement was to the effect that he proceeded in the usual manner to get off. He sought to go down the steps provided for the purpose, which he would, as appears by his evidence, have safely accomplished if he had been permitted. His failure to seek the conductor and inform him of the purpose to leave the train at that station, or his failure

to see that his movement to do so was not observed by the conductor, furnished no fact for the jury for the reasons before given. The leading fact litigated upon the trial was, whether the plaintiff proceeded to alight from the train as soon as it stopped at the station, or delayed doing so until it started. If he thereafter, and after a reasonable opportunity to get up, remained in his seat, the conductor may have had the right to assume that he did not intend to leave there. The court, upon that subject, charged, to which there was no exception, that " this whole case depends simply on one question of fact: Did the passenger, as he says, attempt to alight from the train as soon as it was stopped? If he did, then there was no negligence upon his part, and the defendants were to blame in not giving him an opportunity to get off." And after thus stating the evidence of the plaintiff and its effect, and referring to that on the part of the defendant in conflict with it, he added the portion of the charge first before mentioned. Although the question of negligence is dependent upon facts which must go to the jury, when any inference may arise from the evidence either to support or defeat the charge, there may be a state of facts so unqualified as to justify the determination of the fact as matter of law. The facts as represented by the evidence of the plaintiff, if taken as true, furnished all the elements of fact requisite to the liability of the defendant, and no countervailing deductions could reasonably arise from it.

These views lead to the conclusion that the exception to the charge was not well taken.

The question of the weight of evidence arising upon the very decided conflict of it, as to the essential facts, was disposed of in the court below, and is not the subject of consideration on this review.

The judgment should be affirmed.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.