ANNIE LOSEE, Respondent, *v.* THE WATERVLIET TURN-
PIKE AND RAILROAD COMPANY, Appellant.

*Street railroads — starting a car — when negligent as to a passenger who has got up
to leave the car without notifying the conductor.*

A street car having stopped in order that a passenger might alight, and she having
done so the conductor rang the bell and the car started. At this time another
passenger, Annie Losee, had risen from her seat and had taken three steps
towards the rear of the car, by the starting of which she was thrown down. She
had not signalled the conductor to stop, or attracted his attention in any way.

Upon the trial of an action brought by her to recover damages alleged to have
resulted from the negligence of the railroad company, the instruction of the
court to the jury was to the effect that if Losee arose in the car to get off, or for
some other purpose, it was negligence, as matter of law, for the conductor to
start the car without warning her.

*Held,* that this charge was erroneous.

That the question of the defendant's negligence was one of fact.

That the question was whether, if the plaintiff was standing when the conductor
started the car, he was negligent in starting the car without warning her,
and whether the conductor should have seen her in the absence of any signal
from her.

APPEAL by the defendant, the Watervliet Turnpike and Railroad
Company, from a judgment of the Albany County Court, entered
in the office of the clerk of said county on the 19th day of June,
1891, upon a verdict in favor of the plaintiff for $475, with notice
of an intention to bring up for review upon the appeal an order
denying a motion for a new trial, and all questions of fact which
arose upon the trial.

*Alpheus T. Bulkley,* for the appellant.

*John H. Gleason,* for the respondent.

PUTNAM, J. :

A conductor of a street-railroad car should give passengers a
reasonable opportunity to alight, and failure to do so is negligence.
(*Poulin* v. *Broadway and Seventh Ave. R. R. Co.,* 61 N. Y., 621.)
He is only bound, however, to afford a reasonable time. A party
wishing to alight must not loiter. It is not clear, from the testi-
mony, that plaintiff was not afforded a reasonable opportunity to

leave the defendant's car at the time of the accident, which is the subject of this action, or that the evidence discloses negligence on the part of the conductor.

I infer that no notice was given to him, nor was it shown that he knew plaintiff wished to alight. Plaintiff was sitting by Miss Gardner. The conductor stopped the car for the latter to alight, who arose from her seat, went out of the car and stepped on the ground, when the bell was rung and the car started. At this time the plaintiff testifies she had taken three steps towards the rear end of the car where the conductor was. Therefore, it appears that the car was stopped long enough for a passenger to alight. And, although plaintiff was then on her feet, it was not shown that she signalled the conductor to give him any notice that she wished to leave the car, or that his attention was in any way attracted to her.

To sustain the judgment there must be legitimate evidence of negligence. The jury has no right to guess at it. Plaintiff must prove it. This case is not like that of *MacDonald* v. *Long Island Railroad Company* (116 N. Y., 546). Where a railroad company stops at regular stations it is bound to stop at such places long enough to afford passengers a reasonable time to alight, whether the conductor knows whether any passengers wish to leave the car or not. On street railways the conductor only stops when signalled by a passenger. It is true, that when he stops for one passenger who signals him, another may take advantage of the opportunity to leave the car. But to establish negligence on the part of the conductor the circumstances must be such that his attention was or should have been called to the intent of the passenger to alight. Here there is not the slightest evidence that the plaintiff made any effort to attract the attention of the conductor, either by ringing the bell or in any other way; nor any evidence that the conductor saw her, or circumstances shown indicating that he should have seen her. It is not shown that he started the car hastily. The passenger who sat next plaintiff arose, and, as far as the evidence discloses, deliberately left the car, and at that time the plaintiff had only taken three steps towards the conductor. I infer from the evidence she must have been some distance from the door, as it does not appear that her head fell against it or outside of it. Under such evidence it is a question of some doubt whether plaintiff made out a case of negli-

gence against the defendant which should have been submitted to the jury.

Admitting, however, that the case was properly submitted to the jury by the trial judge, nevertheless, in that case it was a question of fact for the jury to determine from the testimony given, whether the act of the conductor was or was not, under all the circumstances, negligent.   And I think that some exceptions taken by the appellant to the charge of the judge to the jury renders a new trial of the case necessary.   The judge charged the jury as follows :

" If you find from the evidence that this plaintiff was in the act of getting off   *   *   *   she had started, left her seat for the purpose of getting off or for any other purpose, and the car started while she was on her feet and thrown, he had no right to start it without giving her warning to take her seat, or an opportunity to get her seat."   To this an exception was taken.

Again the judge charged : "If she started before the signal she was not guilty of negligence, but the company was negligent."   To this no exception was taken.

In answer to the sixth request to charge the court charged: " No, if the car was standing still, she had a right, to get up, and had a right to attempt to get out, or a right to move over, and the conductor had no right to start it again until he saw she either moved out or sat down, or gave her notice to sit down.   She must do one thing or the other within a reasonable time."   The defendant excepted.

By these instructions the jury were told that if plaintiff arose in the car for the purpose of getting off or for some other purpose the conductor had no right to start the car without warning her — as a legal proposition.   The jury were not instructed *that they might so find*, or that they could determine, from all the facts of the case, that the starting of the car, under the circumstances, was improper, but were instructed that the *conductor had no right, if the plaintiff was standing* for any purpose, to start the car without warning her. In effect, they were told that such an act was wrongful, and hence negligent.   *The judge stated this as a legal proposition.*   The jury might, perhaps, have found, as a fact, from the circumstances proved, that the conductor was negligent in starting the car even if the plaintiff was only standing, without attempting to alight.   I do

not think that the court could properly charge, as a legal proposition, that such a starting of the car was improper. The evidence given in the case was such that the jury could have found that the plaintiff was on her feet for the purpose of changing her seat merely, or for the purpose of alighting from the car.

I think it should have been submitted to the jury as a question of fact, whether, under the circumstances, plaintiff standing in the car, either to go out or change her seat, the conductor was or was not justified in starting it when he did. There was evidence that the car had stopped long enough for a passenger to alight; that no signal was given to the conductor. There was no evidence that his attention was called to her, or that he knew she wished to leave the car. If the question had been submitted to the jury, they might have found that, although plaintiff was standing in the car, either changing her seat or to go out, yet the conductor was not negligent in not seeing her, and had the right at the time to start the car. But the court, by the instructions above quoted, took away these questions from the jury, holding that, if the plaintiff was standing at the time the conductor started the car, he had no right to so start it without warning her, it necessarily following that his act was wrongful and negligent. I think the court should have submitted this question to the jury as one of fact. It was for the jury to say not only whether plaintiff was standing up to change her seat or to leave the car, but also whether the conductor should have seen her in the absence of any signal, and whether his act in starting the car when she was standing up, was or was not wrongful. The exception taken by defendant to the said instructions of the judge seem to have been sufficient. (See *People ex rel. Dailey* v. *Livingston,* 79 N. Y., 292; *Freund* v. *Paten,* 10 Abb. N. C., 316.)

It is impossible to say that the instructions above referred to did not influence the verdict, and hence the judgment should be reversed and a new trial granted, costs to abide the event.

HERRICK, J., concurred; MAYHAM, P. J., not sitting.

Judgment reversed, new trial granted, costs to abide event.