SOPHIA M. ONDERDONK, Respondent, *v.* THE NEW YORK AND SEA BEACH RAILWAY COMPANY, Appellant.

*Railway company — bound to provide safe stations — stops — a passenger leaving a car must use caution — contributory negligence.*

A railway company is bound to provide a reasonably safe place at which its passengers may leave its cars, and to have its train stop long enough to permit a diligent passenger to do so.

A passenger leaving the cars of a railway company is bound to use caution, and the question of contributory negligence should be submitted to a jury to determine.

APPEAL by the defendant, The New York and Sea Beach Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 22d day of March, 1893, upon the verdict of a jury rendered at the Kings County Circuit, and also from an order entered in said clerk's office on the 21st day of April, 1893, denying the defendant's motion for a new trial.

This action was brought to recover damages alleged to have been sustained by the plaintiff by reason of the defendant's neglect in failing to provide safe and suitable means whereby the plaintiff could alight from the defendant's car. The complaint alleged that the plaintiff was compelled to alight from the defendant's car upon the side opposite its platform, and while thus engaged in alighting from such car the defendant carelessly and negligently caused its said car to be put in motion, and that by reason of such motion the plaintiff was thrown violently to the ground and sustained bodily injuries, all of which took place without fault or negligence on the part of the plaintiff.

*Charles C. Protheroe*, for the appellant.

*William P. Pickett*, for the respondent.

BARNARD, P. J.:

The plaintiff, on the 30th of July, 1890, was a passenger on the defendant's railroad. She was traveling from Coney Island to Brooklyn city. Her station was Third avenue and Sixty-fifth street. On account of her failure to hear the station called by the conductor, she was carried by her station and went to the ferry terminus of the road. The conductor told her to get on a return train, which she did. She was directed to take the first car on the return train, which she also did. When the cars got to her station the engine and first car were carried so far into a tunnel that it was not possible to leave the car in the usual way. The car was beyond the platform. There was not sufficient room to alight on the platform side of the station between the car and the side of the tunnel. There was no conductor near her. She attempted to get from the car on the left side of the track. As she put her hand to the guard of the car platform and attempted to put her foot upon the ground the car started and threw her heavily upon the rough, gritty soil, ashes and cinders, which made the surface of the ground where she fell, and she was seriously injured. There is no difficulty in upholding the verdict of the jury that the accident was occasioned by the defendant's negligence. The company was bound to provide a reasonably safe place at which the passengers could leave the car, and to wait long enough for a diligent passenger to be able to do so. The defendant failed in both respects. A safe place was provided, but the car ran by it, so that the plaintiff could not avail herself of it. While attempting to leave on the only side of the car which was available to her, the car started and threw her down before she got upon the ground. The case is fully supported by the Court of Appeals in *McDonald* v. *The L. I. R. R. Co.* (116 N. Y. 546).

The question of the negligence of the plaintiff which contributed to the accident was one for the jury. She was bound to use caution to escape danger, and the evidence fails to show that, under the situation in which she was placed, she failed in this duty. At all events, it was for the jury to say. (*McClain* v. *Brooklyn City R. R. Co.*, 116 N. Y. 459.)

The judgment and order denying new trial should be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.