GRABENSTEIN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. June 22, 1903.)

1. CARRIERS—STREET RAILWAYS—PERSONAL INJURIES.

Where, in an action against a street railway company for personal injuries received by a passenger in alighting, alleged to have resulted from a premature starting of the car, there was no evidence that he had signaled the conductor or motorman to stop, or that either of them had notice of his intention to alight, or that the car had been started again with a knowledge on their part that he was in the act of alighting, the complaint should have been dismissed.

2. SAME—EVIDENCE—COMPETENCY.

In an action against a street railway company by a passenger for personal injuries received in alighting, plaintiff having testified on his own behalf in rebuttal, it was error to refuse to permit him on cross-examination to answer a question as to whether he knew that, if he got off the car while it was in motion, he could not recover in the action.

Appeal from City Court of New York.

Action by Herman Grabenstein against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Henry A. Robinson (F. Angelo Gaynor and Bayard H. Ames, of counsel), for appellant.

Droege & Schavrien, for respondent.

FREEDMAN, P. J. The judgment and order appealed from should not be sustained.

In his complaint the plaintiff claimed that when, as a passenger, he attempted to alight from defendant's car at the southerly crossing of 103d street and 8th avenue, the car, pursuant to his signal to the conductor, had come to a complete stop, and that, before he had time to alight, it was negligently started again by a servant of the defendant. When, at the trial, the plaintiff rested his case, and defendant's motion for a nonsuit was denied, which ruling was duly excepted to, there was not a scintilla of evidence that the plaintiff had signaled the conductor or motorman to stop, or that either of them had notice of his intention to alight, or that the car had been prematurely started again with knowledge on the part of, or notice to, the conductor or motorman that the plaintiff was in the act of alighting, and consequently the complaint should have been dismissed. The defendant, having been compelled to enter upon its defense, thereupon showed, by what seems to be a fair preponderance of evidence, inclusive of probabilities, that the testimony of the plaintiff to the effect that the car had come to a stop at the southerly crossing of 103d street, and had been started again before he had time to alight, as to which he stood wholly uncorroborated, was not true, and that the plaintiff got off at that point without previous signal on his part, while the car, which was intended to be stopped at the northerly crossing, was in motion. Upon this state of the evidence the defendant, at the close of the case, renewed the motion to dismiss, and upon a denial thereof moved for the direction of a verdict in defendant's favor, which motion was also denied. These rulings were duly excepted to. Moreover, the plaintiff, after he had testified on his own behalf in rebuttal, was asked on cross-examination whether he knew that, if he got off this car while it was in motion, and before it had come to a stop, he could not recover in the action. The question was objected to by plaintiff's counsel on the ground that it was incompetent, irrelevant, and immaterial, and the objection was sustained, and the question excluded, and the defendant duly excepted. This was error prejudicial to the defendant.

Upon the whole case the interests of justice require that there should be a retrial of the issues.

Judgment and order reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.