Damages were awarded plaintiff upon the theory that plaintiff lost upwards of $300, the profits of which he was deprived, in consequence of defendant's breach, in that a certain customer from whom plaintiff had obtained an order for these waists had canceled the order because of their nondelivery on time. The precise nature and terms of the alleged order of plaintiff's customer were not disclosed on the trial, and whether or not plaintiff had an enforceable contract with said third party, or whether or not said party was legally entitled to cancel the order, was not made to appear. The evidence, too, is meager and unsatisfactory as to whether defendant's undertaking to embroider the waists with knowledge and understanding of plaintiff's alleged contract with the third party under such circumstances would charge him with any damages for any loss that plaintiff might sustain upon the order with the third party if the waists were not embroidered within the time agreed.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

(49 Misc. Rep. 510)

### LAVERTY v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. March 12, 1906.)

CARRIERS—INJURY TO PASSENGER—NEGLIGENCE.

    Where a passenger, without any signal to the conductor, attempted to alight from a car when it stopped at a point other than its usual stopping place, the starting of the car, causing her injury, was not negligence for which the company was liable.

    [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1228½.]

Appeal from City Court of New York, Trial Term.

Action by Emily Laverty against the Interurban Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Bayard H. Ames, for appellant.
Thomas J. O'Neill, for respondent.

GIEGERICH, J. The action is to recover damages for personal injuries alleged to have been sustained by the plaintiff on the evening of the 13th day of April, 1903, while alighting from one of the defendant's cars. According to the plaintiff's own testimony, she started to get off the car without any signal to the conductor. She claims the car stopped, and as she was about to descend, or in the act of descending, from the rear platform, the car started suddenly, and she fell and was injured. By other evidence, which is uncontradicted, it is shown that the conductor at the time was in the car collecting fares and transfers. There is nothing to indicate that either he or the motorman knew of the plaintiff's intention to get off the car. At the close of the case the plaintiff testified: "There is the regular transfer station, and I know that, and that car stopped without notice." She does not, how-

ever, state that the car had yet reached its regular stopping place. The contrary seems to have been the fact. The witness Sinclair fairly well explained the situation, and his testimony shows, not only that the car had not yet reached its regular stopping point, but why it slowed down, or, if we accept the testimony of the plaintiff and her witness, stopped, where it did. Sinclair testified:

"I looked out to see if it was near the stopping place at Eighth Avenue Circle, and I saw a car standing in front, and the motorman slowed down until the car in front would have a chance to pull up, and while coming to a slow down the car in front started, and he put on a little increased power to get to the stopping place. While he was slowing down I heard a commotion," etc.

—The commotion referred to being caused by the fall of the plaintiff and the movement and outcry of her fellow passengers and of persons on the street.

Conceding the truth of the evidence on behalf of the plaintiff (namely that the car came to a full stop and then started again suddenly), there is no proof of negligence on the part of the conductor or motorman. They were not aware of the plaintiff's purpose to descend, and the car had not yet reached its regular stopping place. We are not prepared to hold that a quick start, under such circumstances, is of itself negligence.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

GREENBAUM, J. (concurring). The case was tried by plaintiff upon the theory that defendant's car had been brought to a full stop when it neared or reached the Columbus Monument on Fifty-Ninth street, and that the plaintiff while in the act of alighting, after the car had come to a full stop, was suddenly and without warning to her started, with the result that she was thereby thrown to the ground and injured. On the part of defendant it was shown that the plaintiff did not attempt to get off after the car had stopped, but that she stepped off while the car was in motion and before it had been brought to a stop. The clear cut issue of fact thus presented was whether the car had actually come to a stop when the plaintiff had begun to alight, or whether it was then in motion and slowing up.

Unless we are prepared to reverse the judgment because it is against the weight of evidence, it seems clear to me that the circumstances under which the plaintiff asserts she attempted to get off the car were sufficient to warrant a jury in finding that the conductor of the car should have anticipated that a passenger might attempt to alight. The proofs in the case do not establish that the car came to a momentary stop by reason of a temporary exigency, nor that the place where plaintiff claims the car stopped when she attempted to alight was not at or near the place where defendant's cars customarily stopped. There is nothing in the record to indicate that the defendant desired the trial justice to explain to the jury that actual or implied notice of the passenger's intention to alight must be established by the plaintiff, or to have the jury pass upon the question as to whether or not the place

where plaintiff claims that the car came to a full stop was the regular stopping place. No issue was presented that the car had been momentarily stopped before reaching the customary stopping place, and that the accident to plaintiff happened in her attempt at that instant to leave the car.

Both parties tried the case upon the theory that the issue between them was as to whether the car had first stopped and then suddenly started up before plaintiff could safely alight, or whether it was in continuous motion at the time plaintiff started to get off the car, and that it did not come to any stop until after plaintiff fell; and I do not think that this court should now hold, as matter of law, that plaintiff failed to establish any cause of action. I am, however, of the opinion that the evidence largely preponderates in favor of defendant, and for that reason the judgment should be reversed.

SCOTT, P. J. (concurring). I am unable to find any evidence of negligence on the part of the defendant. The negligence alleged is that "the conductor in charge of said car failed to give the plaintiff a reasonable opportunity to alight from the same." The conductor can scarcely be charged with negligence in this regard unless he had notice that a passenger intended to alight, or the stoppage was under such circumstances that he should have anticipated that a passenger might attempt to alight. Grabenstein v. Met. St. Ry. Co. (Sup.) 84 N. Y. Supp. 261. There is no contention in this case that the conductor had any actual notice that plaintiff proposed to alight from the car. If the car did actually stop, and the stoppage was under such circumstances that the conductor or motorman should have anticipated that a passenger might attempt to alight, the burden was on the plaintiff to show that such circumstance existed. This she failed to do. For all that appeared, the stoppage may have been merely a momentary check, resulting from some exigency of the traffic. I am also of the opinion that the evidence largely preponderated in favor of defendant's contention that the car had not in fact come to a stop when plaintiff undertook to alight.

I agree that the judgment and order should be reversed.