contributory negligence. Hickey v. Taaffe, 105 N. Y. 26, 12 N. E. 286; Buckley v. Gutta Percha, etc., Co., 113 N. Y. 540, 21 N. E. 717; Crown v. Orr, 140 N. Y. 450, 35 N. E. 648. I may add that the testimony of six fellow workers is that almost immediately after the accident the plaintiff said that it was his own fault. This was not denied by the plaintiff, although the physician who saw him shortly after the accident testified that he did not think the plaintiff could talk intelligently, and a policeman who saw the plaintiff about the same time testifies that he could not elicit answers to questions.

The judgment must be reversed, and a new trial must be granted; costs to abide the event. All concur, except HIRSCHBERG, P. J., who dissents.

---

### FODEN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

1. CARRIERS (§ 316*)—INJURIES TO PASSENGERS—BURDEN OF PROOF.

   One suing a street railroad for injuries sustained while alighting from a car, caused by the sudden starting of the car, has the burden of establishing by a fair preponderance of the evidence the negligence charged.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1286; Dec. Dig. § 316.*]

2. CARRIERS (§ 303*)—STREET RAILROADS—NEGLIGENCE.

   Where a street car has come to a full stop, reasonable care demands that it shall not be started without some effort of the conductor or motorman to determine whether this may be done with safety to passengers or intending passengers.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1228; Dec. Dig. § 303.*]

3. CARRIERS (§ 303*)—STREET RAILROADS—NEGLIGENCE.

   A street car made a momentary stop about a quarter of a block from its regular stopping place at a transfer point because another car ran in ahead of it. A passenger, without any notice to the conductor or motorman, and without knowing where the conductor was, and with knowledge that the car had not reached its regular stopping place, attempted to alight, and while doing so the car started and she was injured. There was no evidence of any signal by the conductor to the motorman either to stop or to start the car. *Held*, as a matter of law, not to show negligence in the operation of the car.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1238; Dec. Dig. § 303.*]

Appeal from Kings County Court.

Action by Martha Foden, an infant, by her guardian ad litem, Thomas P. Foden, against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

D. A. Marsh, for appellant.

John E. Walker, for respondent.

RICH, J. The plaintiff alleges that on the 25th day of June, 1905, she was a passenger upon one of defendant's trolley cars, operated in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Nostrand avenue, in the borough of Brooklyn, "and, having paid her fare, notified the conductor of the said car that she wished to alight at Myrtle avenue"; that "the said car came to a·complete stop at the said corner of Nostrand avenue and Myrtle avenue, and plaintiff did then endeavor to descend and alight upon the street from the said car, but that before she had fully done so the said car, by the act of defendant's servants, agents, and employés, was suddenly started forward, and plaintiff as a result thereof was with great force and violence thrown to the ground."

These allegations constituted her alleged cause of action, and it was incumbent upon her to establish them by a fair preponderance of the evidence before she was entitled to recover. This she has failed to do. The record is barren of any evidence that she notified the conductor of the car, in any manner, that she wished or intended to get off at the corner of Nostrand and Myrtle avenues, or that the car had stopped at such corner when she attempted to alight. The evidence in her behalf is that before reaching Myrtle avenue a Lorimer street car ran in ahead of the car on which she was riding, at a point about a quarter of a block from its regular stopping place (which was a transfer station), which necessitated a momentary stop of the car on which she was a passenger; that when her car stopped, without giving any notice to the conductor or motorman, and without knowing where the conductor was, and with knowledge that the car upon which she was riding had not reached its regular stopping place, but had stopped because of the car ahead of it obstructing the track, she attempted to get off, and while she was doing so the car started and proceeded to its regular stopping place at the corner of the avenues, and there stopped; that by reason of such starting of the car she was thrown to the ground and injured. There is no evidence of any signal by the conductor to the motorman either to stop or start the car. This evidence fails to establish the cause of action alleged. Grabenstein v. Metropolitan Street Railway Company, 84 N. Y. Supp. 261.

It is contended by the learned counsel for the appellant that the evidence was insufficient to establish the defendant's negligence or liability, in support of which contention he cites a number of cases in other Departments. We are committed to the rule declared in Dean v. Third Avenue R. R. Co., 34 App. Div. 220, 54 N. Y. Supp. 490, applied in Sexton v. Metropolitan Street R. Co., 40 App. Div. 26, 57 N. Y. Supp. 577, and reaffirmed in Bessenger v. Metropolitan Street R. Co., 79 App. Div. 32, 79 N. Y. Supp. 1017, that:

"When a street surface car has come to a full standstill, reasonable care in its operation demands that it shall not be started without some effort on the part of the conductor or motorman to determine whether this may be done with safety to passengers or intending passengers, and that the question of negligence is one for the jury."

The record shows that in this case, as in the Dean Case, the conductor actually saw the plaintiff, for he testifies:

"As I saw them getting off, I told her to wait till the car stopped; that we were surely coming to a stop as it was a transfer point. She deliberately put her foot down on the step and jumped off."

I think that the defendant's motion to dismiss at the close of the plaintiff's case, and again at the close of the whole case, ought to have been granted.

The judgment and order must be reversed, and a new trial ordered; costs to abide the event.   All concur.