JENNIE CARR, as Administratrix, etc., of EDWARD J. CARR, Deceased, Appellant, *v.* FREDERICK GOTTSCHALDT, Respondent.

Second Department, February 8, 1918.

**Master and servant — negligence — death by fall from scaffold — Labor Law — requirement that guardrail of scaffold be bolted — failure of master to comply with statute — erroneous charge.**

Section 18 of the Labor Law requires the guardrail of a scaffold to be " properly bolted, secured and braced," and where in an action to recover for the death of one who fell from a scaffold it is admitted by the master that the guardrail instead of being bolted in its socket was tied with rope, it was error to submit to the jury the question as to whether the guardrail was properly attached in compliance with the statute.

Section 18 of the Labor Law has a purpose beyond declaring the common-law obligation of a master, and its specific requirements must be complied with. Proof of a violation of the statute is sufficient to establish negligence of the master as a matter of law.

Such erroneous submission constitutes reversible error where the plaintiff claims that when her intestate fell from the scaffold he had hold of the guardrail and might not have fallen but for the fact that it was not secure.

APPEAL by the plaintiff, Jennie Carr, as administratrix, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Richmond on the 23d day of November, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 6th day of November, 1916, denying plaintiff's motion for a new trial made upon the minutes.

*Sidney J. Loeb* [*Leon M. Prince* with him on the brief], for the appellant.

*John G. Clark,* for the respondent.

JENKS, P. J.:

I think that it was error to submit to the jury the question whether the guardrail of the scaffold was properly attached thereto in compliance with section 18 of the Labor Law. Whatever expressions in the charge may be isolated and then

read to the contrary, it is plain, both from the tenor of the main charge and from its final word, that the learned court did make the submission.

There was no question whether the said section applied to the scaffold as then in use. That section prescribed that the guardrail of the scaffold must be " properly bolted, secured and braced." The undisputed testimony of the master himself established that the guardrail, instead of being bolted in its sockets, had been tied by pieces of rope. There was no contention that this statutory requirement did not apply to the adjustment of the guardrail in the sockets. The defendant had testified that he had tied the rail into the eyebolts because that was the only way it could be done, but this conclusion was not sustained by his testimony or by that of any other witness. The only explanation of the practice of tying is found in his statement that as the scaffold was shifted the guardrail must have enough play to avoid the fire escapes on buildings. The court in one part of its charge, where it said, " Was this guardrail properly attached? I leave that to you to say," added: " Gottschaldt says that this scaffold was properly secured and braced, and he says that it was bolted fast as it could be; that you could not have it rigid."

I think that upon this record there was no question for the jury whether the master had complied with the statute. I think that this section 18 has a purpose beyond declaration of the common-law obligation of a master. Instead of committing the construction of the guardrail to reasonable care, it prescribes, in further assurance of safety, that the guardrail must be properly bolted, secured and braced. In the nature of things a bolt — a strong pin — secures rigidity. Bolting is a specific requirement as distinguished from the general requirement of securing and of bracing. And the statute is not satisfied if bolting, when and wherein required, is omitted, no matter how properly the guardrail is secured and braced. The master could not satisfy this specific requirement of the statute by substitution, even though he exercised due care in selection of the substitute. The proof of the violation of the statute in this case was sufficient to establish as matter of law the negligence of the

master in furnishing the scaffold. And neither court nor jury had any power of dispensation upon consideration of the care exercised by the master in otherwise securing or bracing this guardrail.

In *Marino* v. *Lehmaier* (173 N. Y. 536), Haight, J., for the court says: " In Comyn's Digest, under head of Actions on Statutes (F), page 453, it is said: ' So in every case, where a statute enacts or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his advantage or for the recompense of a wrong done to him contrary to said law.' (See, also, *Pitcher* v. *Lennon*, 12 App. Div. 356; *McRickard* v. *Flint*, 114 N. Y. 222, and *Hover* v. *Barkhoof*, 44 N. Y. 113.) " In *Pitcher* v. *Lennon*, cited in *Marino's Case* (*supra*), the court, per O'Brien, J., say: " These and many more cases that might be referred to support what we must regard as the well-settled doctrine, *first*, that if one upon whom the statute imposes a duty violates that duty, and the violation results in an injury, he is liable, irrespective of all questions of care and prudence." As was said by Hotchkiss, J., for the court in *Coleman* v. *Ruggles-Robinson Co.* (159 App. Div. 273; affd., 213 N. Y. 683): " The measure of defendant's duty was not due care, for the statute cast upon the defendant the burden of compliance with its terms." And the learned judge well observes that otherwise there would be no reason for the statute inasmuch as reasonable care was required by the common law.

I think the request that the court instruct the jury that from the uncontradicted evidence in the case there was a violation of the law, in that it appears affirmatively here, and uncontradicted, that this guardrail was not bolted, was proper. (*Foster* v. *People*, 50 N. Y. 598; *Zabriskie* v. *Smith*, 13 id. 322; *Ryan* v. *Manhattan R. Co.*, 121 id. 137; *Chapman* v. *McCormick*, 86 id. 479.) In *McDonald* v. *Long Island R. R. Co.* (116 N. Y. 551), Bradley, J., for the court says: " Although the question of negligence is dependent upon facts which must go to the jury, when any inference may arise from the evidence either to support or defeat the charge, there may be a state of facts so unqualified as to justify the determination of the fact as matter of law."

The possible effect of this error upon the plaintiff's case

cannot be disregarded. It was the plaintiff's version of the casualty that at the time her intestate fell from the scaffold he had hold of the guardrail with one hand, and but for the play of the guardrail he might not have fallen from the scaffold. There was evidence that justified this version, and this version in turn afforded basis for the contention that· if the guardrail had been bolted it would have been rigid. Indeed, the defendant had testified: " Well, it has got to give both ways; when it is raised and lowered it has to have enough play and room to give; that is the reason we use the ropes on it."

The judgment and order are reversed and a new trial is granted, costs to abide the event.

THOMAS, MILLS, PUTNAM and BLACKMAR, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.