EMMA PLOESER, EXECUTRIX, &c., APPELLANT, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, RESPONDENT.

Submitted July 8, 1918—Decided November 18, 1918.

1. When the plaintiff's attorney attempts to impeach the veracity of defendant's witness, for his failure to testify about an alleged conversation, when first on the stand, it is then within the discretion of the trial judge to permit the defendant's attorney, by testimony, to make an explanation of such failure to testify.
2. A trial judge, although requested, is not required to charge abstract legal principles not applicable to the facts appearing in evidence, even though they embody accurate legal statements.
3. A steam railroad, company must exercise the utmost care, to allow a reasonable time and opportunity, after stopping its train at a station, to permit intending passengers, using reasonable diligence and care, to board its cars in safety, before putting the train in motion.
4. In this case, it was not error for the trial judge to charge the jury, that if they found that "Mr. Ploeser jumped aboard a moving train, then there can be no recovery."

On appeal from the Supreme Court.

For the appellant, *Abe J. David* and *John J. Stamler.*

For the respondent, *Charles E. Miller* and *De Voe Tomlinson.*

The opinion of the court was delivered by

BLACK, J. This appeal brings under review a judgment entered on the verdict of a jury in favor of the defendant. The suit was brought by the plaintiff as executrix of the will of Joseph Ploeser, deceased, to recover damages for causing the death of Joseph Ploeser, under the Death act. He was killed on June 2d, 1916, at the Elizabethport station of the defendant company, while attempting to board a train at that point. The plaintiff's testimony tended to show that the testator had put one of his feet on the car step; before he could proceed further, the train was put in motion and started with a jerk, throwing him under the wheels. The defendant's testimony tended to prove that after the train had stopped at the station, all the passengers having alighted, the train was then again put in motion by a signal from the train crew. The plaintiff, when the train was in motion, attempted to board it after it had commenced to move. The questions whether the defendant had failed to afford the testator a reasonable opportunity to board the train while standing at the station, and whether he attempted to board the train after it was put in motion, were submitted to the jury. The jury resolved both of these questions against the plaintiff by returning a verdict for the defendant. The judgment is sought to be reversed on the grounds of alleged trial errors, viz., error in the admission of evidence and errors in the charge of the trial judge. We find no error in the record. The judgment should be affirmed. It may not be amiss to briefly refer to the appellant's points, viz., as to the admission of testimony; the attorney of the defendant was permitted to testify why he had not asked the conductor of the train when on the stand as a witness about a conversation he had with a witness named

Crammes; the testimony was to the effect that he, the attorney, did not know there had been any such conversation when the conductor was on the stand as a witness; he had not learned of the conversation until after the conductor had left the stand. The plaintiff's attorney had attempted to impeach the conductor's veracity by seeking an explanation of his failure to testify about the alleged conversation when he was first on the stand; the conductor replied that he had not been asked about the conversation; he then said he did not know why the defendant's attorney had not asked him about the conversation, hence, the burden of making the explanation was placed on the defendant's attorney, who testified that he did not ask the conductor about the conversation because he did not then know of such conversation. This was clearly within the discretion of the trial judge. It was not error. Nor was it error to refuse to charge the plaintiff's request, which is alleged as error, because it was not applicable to the facts proved in the case. The trial judge is not required to charge abstract principles of law not applicable to the facts appearing in evidence, even though they embody accurate statements of legal principles. *Manchester, &c., Association* v. *Allee,* 81 *N. J. L.* 605; *Consolidated Traction Co.* v. *Haight,* 59 *Id.* 577.

The trial judge's charge on the duty of the defendant company to allow a reasonable time and opportunity at the station to get on board of the train before putting it in motion, was a correct statement of law, supported by many cases. The accepted rule on this point is tersely stated thus: A steam railroad company must exercise the utmost care to allow a reasonable time and opportunity after stopping its train at a station to permit intending passengers, using reasonable diligence and care, to board its cars safely; having done this, its duty is performed, unless it is charged with knowledge of facts or circumstances which rendered it negligent to set its train again in motion. *McDonald* v. *Long Island Railroad Co.,* 116 *N. Y.* 546; *Carr* v. *Eel River Railroad Co.,* 98 *Cal.* 366; *Baltimore, &c., Railroad Co.* v. *Mullen,* 217 *Ill.* 203; 3 *Am. Cas.* 1015; 2 *L. R. A.* (*N. S.*) 115.

For a list of cases see 4 *Ell. Rail.* (*2d* ed.), ¶¶ 1628, 1628*b*; 4 *R. C. L.* 1237, ¶ 655; 6 *Cyc.* 612; 2 *Moore Car.* (*2d* ed.) 1236, ¶ *50*; *Shear. & Redf. Neg.* (*5th* ed.), ¶ 508.

Nor was it error for the trial judge to charge the jury in this case that if they found that "Mr. Ploeser jumped aboard a moving train, then there can be no recovery." The only charge of negligence laid against the defendant company in the complaint was that after the train had stopped at the Elizabethport station, and while the testator was in the act of going up the steps into the car, the train was suddenly started, which threw the plaintiff's testator off the step of the car on which he was standing. The testimony at the trial was directed to this point only; the jury by their verdict found against this contention, so there is nothing in the record to show negligence on the part of the railroad company; hence, the negligence averred in the complaint was not proved, nor any other negligent act of the defendant company. It is, then, in that situation of no consequence whether the plaintiff was guilty of negligence or not. If he was, and the railroad company had also been guilty of negligence, the plaintiff's negligence would have been contributory. If he was, and the railroad company was not guilty of negligence, then the cause of the accident was the plaintiff's negligence alone. In either event the plaintiff cannot recover, so the charge of the trial judge was not error.

The judgment of the Supreme Court is affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.