FAY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   June 7, 1901.)

CARRIERS—STREET RAILROADS—INJURY TO PASSENGER—PREMATURE START—
EVIDENCE—COMPLAINT—DISMISSAL.
   Plaintiff was given a transfer from one of defendant's street cars to·
another, and crossed to the point where he should board the car.   As
the car came to a stop, he took hold of the upright rail to board it, when
people in front of him had got aboard, and as he was about to step on.
the car gave a sudden jerk, by which plaintiff was caused to fall in a
hole, by which he was injured, he being compelled finally to let go his·
hold of the rail.   *Held* that, as such evidence would have justified the·
finding that defendant was negligent in failing to give plaintiff a reason-
able time to board the car, it was error to dismiss plaintiff's complaint.

Appeal from trial term, New York county.

Action by William F. Fay against the Metropolitan Street-Railway
Company for injuries.   From a judgment in favor of defendant on.
dismissal of plaintiff's complaint, he appeals.   Reversed.

Argued   before   HATCH,   PATTERSON,   INGRAHAM,   and.
LAUGHLIN, JJ.

Gilbert D. Lamb, for appellant.
Charles F. Brown, for respondent.

INGRAHAM, J.   The plaintiff, a passenger upon one of the de-
fendant's cars, the terminus of which was Astor Place and Broad-
way, received a transfer entitling him to continue his trip downtown·
in a Broadway car.   He crossed Broadway to the lower cross walk,
and waited for a car.   There were several people ahead of him wait-
ing to board the car, and as the car came to a stop he took hold of
the upright rail, to be ready to step upon the car when the people·
in front had got on; and he testified:

"As they got on, I went to step around, and the car gave a sudden jerk,
and I was afraid I would fall.   I was ready with my left foot, getting on,
so I went with the car, and there was some projection sticking out, and there·
was a hole down below that I did not see, so in the force of the run with the·
car I let go of the car, intending to turn towards the sidewalk, and I·
pitched into the hole."

On cross-examination he said:

"I did not get on board of the car at all.   Before I got my foot upon the·
step, the car started.   I ran along with the car.   I could not, at the mo-
ment, say exactly how far I ran; not far, though.   * * *   I ran along
with the car for some distance.   I didn't let go, because I was afraid of·
falling.   I did finally let go."

He was corroborated by a witness who saw the accident, who·
testified:

"Well, I saw Mr. Fay standing behind three or four other gentlemen get-
ting on the car, and he was waiting his turn to get on the car, and, as he
was about to step on the car, she shot off, as I thought, at the full rate·
of speed, and it half dragged and he half ran with the car; and, finally, it
seemed to me, he let go from exhaustion, and he fell into the trench."

And on cross-examination this witness testified:

"As to how far below Astor Place was it that this trench begun, I should
judge it was about three feet.   I didn't make no exact measurements.   I·

just judged. * * * As to how far was that point where I picked him out of the trench from the point where he was waiting for the car, I should judge about four feet and a half or five feet. I wouldn't exactly say. It may have been six. Not over six, anyhow. * * * When I saw him he merely had one hand—hold with one hand—on the dashboard rail, the rear rail. He did not have plenty of time to let go if he wanted to; not at that time; not very well. He didn't have either foot on the car."

I think a dismissal of this complaint was error. The defendant was bound to give the plaintiff a reasonable time to board the car, and the evidence would have justified finding that the defendant was negligent in that respect. Nor do I think that the plaintiff was, as a matter of law, guilty of contributory negligence. Having hold of the car about to board it, when the car suddenly started, there was presented an emergency which required the exercise of judgment as to the best course to avoid being injured. If, to avoid being thrown down by the sudden starting of the car, he held on to the car to steady himself until he could let go in safety, it was certainly not negligence as a matter of law. But for the existence of this trench in the roadway alongside of the track, which he had not observed, he would probably have escaped injury by adopting the course that he did; but his falling into the trench was caused by his being dragged along by the car. It seems to me that the question of contributory negligence was one for the jury. There can be no doubt but that the starting of the car was the proximate cause of the injury. If the car had not started, the plaintiff could have got aboard in safety. It, however, started when he had hold of the car, and the sudden starting of the car carried him along with it; and if he, to avoid falling, kept hold of the car until he could regain his equilibrium, and in so doing was, by the momentum of the car, thrown into this trench, it was the sudden starting of the car and the motion contributed by the car to the plaintiff which caused him to fall into the hole from which he sustained the injury for which he seeks to recover. But for the momentum caused by the starting of the car, the plaintiff would not have been thrown into the trench, and would not have been injured.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.