lord, the person entitled to the said rent, upon the said tenant, the person owing it, as prescribed in chapter 17, tit. 2, § 2240, of the Code of Civil Procedure, for the service of a precept." There are three methods prescribed by section 2240 of the Code for the service of a precept. If the precept is served in a manner prescribed in either of the subdivisions of the section, it constitutes a service upon the tenant. The allegation of the petition is that the demand for rent was served upon the tenant. There is nothing in the petition to indicate in which of the three methods indicated the tenant was so served. This question has been passed upon in several cases, notably People ex rel. Morgan v. Keteltas, 12 Hun, 67; Tolman v. Heading, 11 App. Div. 264, 42 N. Y. Supp. 217; Boyd v. Milone, 24 Misc. Rep. 736, 53 N. Y. Supp. 785—in all of which the contention of the respondent has been upheld. In these proceedings the statute must be strictly followed to confer jurisdiction upon the court to entertain them. Beach v. McGovern, 41 App. Div. 381, 58 N. Y. Supp. 493. The order dismissing the proceeding must, therefore, be affirmed.

Order affirmed, with costs. All concur.

---

(40 Misc. Rep. 201.)

### SCHOENFELD v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. March, 1903.)

1. STREET CARS—INJURY TO PASSENGER.
　　Where a street car conductor, without any warning, starts the car while a young girl is trying to board it, he is guilty of negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE.
　　Where a young girl is boarding a street car, and has hold of the hand rail when it starts, it is not contributory negligence for her to hold onto the rail, even though it causes her to be dragged half a block.

3. SAME—IMPUTED NEGLIGENCE.
　　A young girl was boarding a street car when it started, and she was dragged by holding on to the hand rail. Her escort, running after the car, caught up with it and drew her from the steps. *Held* that, though he may not have exercised the best judgment in the emergency, his negligence, if any, was not to be imputed to the passenger.

4. SAME—QUESTION FOR JURY.
　　The question whether a person attempting to assist a passenger injured while boarding a street car was guilty of negligence was a question for the jury, and not for the court.

Appeal from City Court of New York, Trial Term.

Action by Annie Schoenfeld, by Adolph Schoenfeld, her guardian ad litem, against the Metropolitan Street Railway Company. From a judgment dismissing the complaint after a trial, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GILDERSLEEVE, JJ.

M. P. O'Connor (J. Brownson Ker, of counsel), for appellant.
Henry A. Robinson (F. A. Gaynor, of counsel), for respondent.

GIEGERICH, J. The action is brought to recover damages for personal injuries alleged to have been caused by the defendant's neg-

ligence. The answer is a general denial, and that the accident was due to the contributory negligence of the plaintiff.

The testimony given for the plaintiff tended to show that at the time of the accident, which occurred about 1 o'clock in the morning on the 30th of September, 1901, the plaintiff, then 19 years of age, was returning to her home, in East Third street, near Avenue C, in the borough of Manhattan, New York City, accompanied by one Morris Levy and two other companions; that the party alighted from a Fourth avenue car, on which they had been passengers, at the corner of Stanton street and the Bowery, where they got transfers to the defendant's east-bound Stanton street car; that, after waiting there for about 20 minutes, such car came along while it was raining very hard; that the car stopped at the southeast corner, and, after two couples, who were not of plaintiff's party, had gotten on the car by the rear platform, the plaintiff, who was in advance of her party, started to board the car; that she grasped the hand rail of the car with her right hand, and had gotten one foot on the step, when, without any warning to her, the conductor rang the bell, and the car suddenly started forward, causing her to lose her balance, throwing her, as Mr. Levy testified, "behind the car rail," and dragged her for over half a block in the dirt and mud; Mr. Levy, in the meantime, running along with the car, trying to overtake it, and calling to the conductor to stop. Finally, seeing that the conductor was not going to do so, he caught hold of the plaintiff and drew her from the car.

When the plaintiff rested, the complaint was dismissed "because of the contributory negligence shown by the evidence against the plaintiff, and also of her escort"; the trial court stating that the allegations of the complaint had not been sustained. The plaintiff took an exception, and from the judgment entered upon such dismissal she has appealed to this court.

In considering whether the complaint should have been dismissed, the plaintiff is entitled to have the benefit of the facts most favorable to her which the jury would have been justified in finding upon the evidence. Smith v. Metropolitan Street Ry. Co., 7 App. Div. 253, 40 N. Y. Supp. 148; Costello v. Third Ave. R. Co., 161 N. Y. 317, 55 N. E. 897. Applying this rule to the present case, it is clear that the trial court was not justified in dismissing the complaint. The defendant was clearly negligent in not giving the plaintiff a reasonable time to board the car, and it cannot be held, as a matter of law, that the plaintiff was guilty of contributory negligence in holding onto the hand rail of the car, which the evidence shows moved rapidly, after it had been suddenly started, and while she was being dragged along. Fay v. Metropolitan St. Ry. Co., 62 App. Div. 51, 70 N. Y. Supp. 763. The plaintiff's position was perilous, and how much longer she would have been able to retain her hold on the car is not disclosed. The evidence shows that the driver made no effort to stop the car, and that, unless some cause intervened, the plaintiff, in the natural course of things, would have been forced to loosen her hold and fall to the ground. The plaintiff was in imminent danger of serious injury, and, under the circumstances, it would not be fair to hold, as

matter of law, that negligence may be imputed to her because of the effort which Mr. Levy made to rescue her.

I have not been able to find any case in this state directly in point. It has been held by the Pennsylvania courts, however (North Pennsylvania R. Co. v. Mahoney, 57 Pa. 187), that where a child was, for the purpose of protection, caught up in the arms of a person to whose care she had not been intrusted, and was, through that person's lack of presence of mind, injured by an engine which was being negligently backed through a crowded portion of a city, the railroad company was liable nevertheless, and that such act was not contributory negligence, so as to discharge the latter. Even if Mr. Levy's act be imputable to the plaintiff, it was nevertheless for the jury, and not the trial court, to determine whether or not the act in question was one which would constitute rashness, in the judgment of a prudent person. This is the rule where one by the negligence of another is so placed that he must choose, on the instant and in the face of grave and impending peril, between two hazards (Roll v. Northern Central R. Co., 15 Hun, 496; Twomley v. C. P. N. & E. R. Co., 69 N. Y. 158, 25 Am. Rep. 162), and also where one voluntarily encounters imminent danger, caused by the negligence of another, for the purpose of preserving human life or saving another from apprehended serious injury (Eckert v. Long Island R. Co., 43 N. Y. 502, 3 Am. Rep. 721; Manthey v. Rauenbuehler, 71 App. Div. 173, 75 N. Y. Supp. 714). The principle underlying all these and similar cases is that a person who, through the negligence of another, finds himself in a position of danger, cannot be held guilty of contributory negligence for failure to act in the emergency in the best way to avoid the danger. Therefore, if an error of judgment by the plaintiff cannot defeat a recovery, then obviously a like error on the part of a third person should not have that effect.

If the conduct of such third person is material to be measured, no more should be required of him than of the plaintiff herself; and, extending the doctrine of the decisions above cited of courts of this state to the present case, it would seem that the defendant will not be absolved from responsibility unless the act of Mr. Levy in thus attempting to rescue the plaintiff from her perilous position was one which would constitute rashness, in the judgment of a prudent person. This, however, was a question for the jury to determine. It was also for them to say whether or not any of the injuries complained of are the proximate result of the defendant's negligent act, or whether any of them were brought about by some intervening force or agency (Jacksonville, Tampa & Key West R. Co. v. Peninsular Land, Transportation & Manufacturing Co. [Fla.] 9 South. 661, 17 L. R. A. 33, 56); in other words, whether any of such injuries were due solely to Mr. Levy's act, and whether, under the circumstances, his act would be deemed an intervening cause, which would break the connection between the defendant's negligence and the injuries received, if any, after the plaintiff's hold upon the car was loosened. While it is true that an intervening cause may exonerate the defendant, yet it is not every intervening cause that will have this effect.

In Shearman & Redfield on Negligence (5th Ed.), it is stated (section 32):

"In order to excuse the defendant, however, this intervening cause must be either a superseding or a responsible cause. It is a superseding cause, whether intelligent or not, if it so entirely supersedes the operation of the defendant's negligence that it alone, without his negligence contributing thereto in the slightest degree, produces the injury. It is a responsible one if it is the culpable act of a human being who is legally responsible for such acts. The defendant's negligence is not deemed the proximate cause of the injury when the connection is thus actually broken by a responsible intervening cause. But the connection is not actually broken if the intervening event is one which might, in the natural and ordinary course of things, be anticipated as not entirely improbable, and the defendant's negligence is an essential link in the chain of causation. Of course, the very definition of a superseding cause implies that the defendant's negligence cannot be the cause of the injury."

As a result of the foregoing considerations, it is clear that the trial court erred when it imputed, as matter of law, negligence to the attempt of Mr. Levy to extricate the plaintiff; but, aside from this, it appears from the record that substantially all the injuries received by the plaintiff were on her right side, and were caused by being dragged along while clinging to the hand rail of the car with her right hand. For these, the plaintiff, if ultimately successful, wc 'd, in any event, be entitled to a fair and reasonable compensation. It follows from these views that the plaintiff's evidence was sufficient to carry the case to the jury, and, therefore, the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide event. All concur.