### LEONARD v. JOLINE et al.

(Supreme Court, Appellate Term. December 16, 1908.)

1. NEGLIGENCE (§ 72*)—CONTRIBUTORY NEGLIGENCE—ACTS IN EMERGENCIES.

The law does not require one placed in a dangerous position by another's negligence to exercise the best possible judgment on the moment to extricate himself therefrom.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 99; Dec. Dig. § 72.*]

2. STREET RAILROADS (§ 117*)—ACTIONS—QUESTION FOR JURY—NEGLIGENCE.

In an action against a street car company for injuries caused by the car striking plaintiff's wagon, whether defendant was negligent *held* for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 251; Dec. Dig. § 117.*]

3. STREET RAILROADS (§ 117*) — ACTIONS—QUESTION FOR JURY—CONTRIBUTORY NEGLIGENCE.

In an action against a street car company for injuries caused by the car striking plaintiff's wagon, whether plaintiff's driver was guilty of contributory negligence *held* for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 255–257; Dec. Dig. § 117.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Michael Leonard against Adrian H. Joline and others, as receivers. From a judgment dismissing the complaint, plaintiff appealed. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

James E. Duross, for appellant.

Masten & Nichols (Anthony J. Ernest, of counsel), for respondents.

GIEGERICH, J. The principal question presented by this appeal is whether there was sufficient evidence to go to the jury upon the question of the defendants' negligence and the plaintiff's freedom from contributory negligence. The action was brought to recover damages for injuries to the plaintiff's horse and truck. The circumstances of the accident were as follows:

The plaintiff's driver was driving the horse and truck in suit down the westerly side of Madison avenue from Forty-Third street toward Forty-Second street, in the borough of Manhattan; the truck being about 3 feet from the westerly rail of the street car track. Coming down Madison avenue in a southerly direction on the westerly track,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and behind the plaintiff's truck, was one of the defendants' street cars, styled in the evidence "one of the new pay as you enter cars," which, as appears from the evidence, are about 40 feet long and project an unusual distance beyond the wheels, both in front and in the rear. The consequence is that as the car turns around the corner on a curve the rear end is thrown out a distance of 5 feet beyond the outer rail. As the car in question was making the turn from Madison avenue to the left into Forty-Second street, it struck the rear wheel of the plaintiff's truck, and crowded the horse off its feet, and slid it along the pavement a distance of about 10 feet into an open manhole. The contention on behalf of the defendants is that the driver of the truck was negligent in not turning to the right a sufficient distance to clear the car as it swung around the curve. The testimony on this point given by the driver is that the first he knew of the presence of the car was when the motorman was "right alongside" him, at which time the witness, who was standing in the front end of the truck driving, was about 10 feet north of the Forty-Second street curb. He further testified as follows:

"No more than this motorman got even to me, he made that turn, and his car hit me."

It is claimed on behalf of the defendants that when the driver first noticed the car the street at his right was clear, and that he could have turned in that direction in order to avoid the chance of a collision, without any danger of driving into the open manhole, which was protected by a slight temporary iron framework railing. According to the testimony as just given, however, it is not apparent that such a course was possible. The manhole was about on a line with the northerly curb line of Forty-Second street, and if such a course on the driver's part had been attempted there is no ground for concluding that the accident would have been avoided, or that such a course would have been a more prudent one to attempt. By turning to the right, the progress of the truck would necessarily have been somewhat retarded, and, moreover, the impact of the rear end of the car against the wheels would have been more direct.

But, even if such a course would have been better and safer, the law does not impose upon a plaintiff, placed in a position of danger by the negligence of the defendant, the exercise of the best possible judgment upon the spur of the moment. Twomley v. C. P. N. & E. R. R. Co., 69 N. Y. 158, 25 Am. Rep. 162; Schoenfeld v. Metropolitan Street R. R. Co., 40 Misc. Rep. 201, 81 N. Y. Supp. 644. My conclusion is that the testimony above referred to was sufficient, if the jury saw fit to credit it, to establish, not only the defendants' negligence, but the driver's freedom from contributory negligence, and that the dismissal was error.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

FORD, J., concurs.

HENDRICK, J. I concur in the result. The plaintiff was lawfully upon the street, in a position of danger unknown to himself, but

which must have been, or at least should have been, known to the defendants' employés. They could, and should, have avoided the accident.