PAUL CASPERS, Appellant, *v.* THE DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, Respondent.

*Negligence — passenger standing upon the footboard of an open car injured by a wagon — court reserving its decision of a motion for a nonsuit, and submitting all the issues specifically to the jury — granting the nonsuit after the jury have decided in favor of the plaintiff.*

Upon the trial of an action brought to recover damages for personal injuries resulting from the alleged negligence of the defendant, a street railroad company, the plaintiff testified that he stepped upon the footboard running lengthwise along the outside of one of the defendant's open cars, and that although he might have taken a seat in the car or have gone upon the back platform, where there was no one except the conductor, he remained upon the footboard

talking to the conductor, when he was struck and injured by the hub of a wheel of a wagon, already seen by him, which was standing, with no horses attached, about twenty feet from the place where he had boarded the car.

*Held,* that the evidence established contributory negligence on the part of the plaintiff and that the defendant was entitled to a nonsuit;

That the fact that the court, assuming to act under section 1187 of the Code of Civil Procedure, reserved its decision upon the defendant's motion for a nonsuit and submitted the three vital issues of negligence, contributory negligence and damages to the jury, and after the jury had found for the plaintiff upon all these issues, immediately granted the nonsuit and ordered judgment for the defendant, did not enable the plaintiff to claim that the jury had rendered a general verdict which could only be set aside upon a motion.

APPEAL by the plaintiff, Paul Caspers, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 23d day of March, 1897, as amended by an order entered in said clerk's office on the 5th day of April, 1897, upon a nonsuit granted by the court after a trial at the New York Trial Term, and also from an order entered in said clerk's office on the 7th day of April, 1897, denying the plaintiff's motion for a new trial made upon the minutes.

*H. A. Walker,* for the appellant.

*John M. Scribner,* for the respondent.

PATTERSON, J.:

This is an action to recover damages for personal injuries sustained by the plaintiff while a passenger upon one of the defendant's cars. It is alleged that such injuries were caused by the negligence of the servants of the defendant in charge of the car. At the close of the plaintiff's case the defendant moved for a nonsuit on the grounds, among others, that no negligence on the part of the defendant had been proven, and that contributory negligence on the part of the plaintiff was established by his own testimony. The case rested altogether upon evidence introduced by the plaintiff, the defendant relying upon its motion for a nonsuit. The trial judge at first denied that motion and the defendant duly excepted. Subsequently, the judge recalled his ruling and determined to allow the motion to stand undecided, and submitted to the jury three specific questions, announcing that the disposition he would make of the motion for a nonsuit would depend upon the answers to those questions. To use

his own language : " I am going to act under section 1187 of the Code and pass upon the question to nonsuit." The defendant excepted to that ruling of the court and objected to the submission of any question to the jury and for the reason " that there was no question of fact to go to the jury." The court, thereupon, left to the jury three matters for their determination, viz. : First. Was the plaintiff free from contributory negligence ? Second. Was the defendant guilty of negligence ? and, third, if the plaintiff were free from negligence contributing to the injury and the defendant guilty of negligence, what was the damage the plaintiff sustained, if anything ? The jury returned answers to the first and second questions in the affirmative, and also found that the plaintiff had sustained damage in the sum of $1,500. Immediately the findings of the jury were brought in, the court dismissed the complaint, judgment was entered for the defendant upon that direction, and from that judgment the plaintiff appeals.

By an amendment of section 1187 of the Code of Civil Procedure, ure, which took effect January 1, 1896, the practice resorted to by the judge upon the trial of this cause is authorized under certain circumstances. It provides that " when a motion is made to nonsuit the plaintiffs or for the direction of a verdict, the court *may*, pending the decision of such motion, submit any question of fact raised by the pleadings to the jury, or require the jury to assess the damage. After the jury shall have rendered a special verdict upon such submission, or shall have assessed the damage, the court may then pass upon the motion to nonsuit or direct such general verdict as either party may be entitled to." The same section provides that on an appeal from the judgment entered upon such nonsuit, such special or general verdict shall form part of the record, and the Appellate Division may direct such judgment thereon as either party may be entitled to. The appellate court is thus enabled, upon established facts, to render such judgment as those facts may require, and if a nonsuit has been improperly ordered, to render judgment for the plaintiff without the necessity of a new trial. The provisions of the Code contained in this section are new and important. There are many cases on the border line in which grave doubt may exist in the mind of the trial judge as to the right of the plaintiff to maintain an action as matter of law, and these provisions of the

Code are designed to supply a much-needed reform in the practice. But there is nothing in this section of the Code which affects the right of a defendant to a compulsory nonsuit, where there is complete failure of proof on the part of the plaintiff; and if the court, as in this case, unnecessarily submits questions of fact to the jury under the authority of this section, that circumstance cannot militate against the defendant's right to insist upon his claim that there was nothing to go to the jury. Here the trial judge, in effect, submitted the whole case to the jury; for what else is there in any action for damages for injuries arising from negligence than the three matters left to the jury under the form of specific questions in this case? The whole case went to the jury, and the claim is that the jury found, in effect, a general verdict which could only be set aside on motion. The question in the case is, was the defendant entitled to a nonsuit, when its motion was made and denied? Compulsory nonsuits, in all cases where it is clear that a verdict for the plaintiff cannot be sustained upon the evidence, have always been permitted in practice in the courts of this State; and "in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it upon whom the *onus* of proof is imposed." (*Improvement Co.* v. *Munson*, 14 Wall. 442; *Dwight* v. *Germania L. Ins. Co.*, 103 N. Y. 359.)

The real question in this case, therefore, is whether the court below was right in directing the nonsuit, and not whether the court improperly put the whole case to the jury in the way mentioned. The findings of the jury would have been conclusive on a general submission, subject to the power of the court to set aside the verdict, but the course pursued was technically allowable, and those findings did not entitle the plaintiff to a judgment, for, by the section of the Code above referred to, the power and authority of the judge to grant a nonsuit, notwithstanding the special findings, was preserved.

Was there any evidence in the case which, regarded in its most favorable light to the plaintiff, required the submission of any issues to the jury? An examination of the record discloses that the only testimony given to support the plaintiff's case emanated from himself. He entered the car upon which he was a passenger at about noon

on the day on which the accident occurred. He was standing at the northeast corner of Thirteenth street and Avenue B, intending to take a car going up town. He was standing there for three or four minutes on the northerly side of Thirteenth street. The car approached and he signaled to the driver to stop. It was an open car, with a footboard running lengthwise on the outside. He got upon that footboard in safety. Standing in the street, some twenty feet north of the point at which the plaintiff got upon the car, was a wagon. While he was still upon the footboard, the car passed the wagon and the hub of the wheel struck the plaintiff and caused the injuries from which he suffered. That wagon was standing thus in the street while the plaintiff was awaiting the approach of the car. He boarded the car near the rear seat; there was nothing whatever to prevent his walking directly into the car when he got on board. He testifies: "If I made a step forward there was [nothing to prevent my walking into the car]; there was nothing to prevent my getting in on that back seat, which was the seat immediately in front of the conductor, nor to prevent my getting on the back platform where the conductor stood. The back platform was not otherwise occupied except by the presence of the conductor." The plaintiff stood upon the longitudinal step of the car talking with the conductor. Before he stepped upon the car he saw the wagon. He says he did not see it near the railroad tracks, but he saw it near the pavement. "I saw the wagon, whatever it was." It stood parallel with the sidewalk and the shafts were pointing north. There were other wagons also standing in the same situation with reference to the pavement. There was another standing "twenty, twenty-five or eighteen feet north of the place    *    *    * where I got on." There were no horses attached to any of these wagons, and their shafts were all pointing north. The situation of the plaintiff, therefore, was that he mounted upon the step of this car, knowing that there were obstructions in the street eighteen or twenty feet in front of the point at which he got upon the car; that he stood upon the footboard, talked with the conductor, knew that the car was proceeding, might have entered into the car and taken a seat or stood upon the back platform in perfect safety, and yet he remained in the position he took on boarding the car and kept himself exposed to the danger of an accident. Under such circum-

stances the plaintiff did not show that he was free from negligence contributing to the injury. There was not sufficient evidence to authorize an inference that there was such freedom from negligence on his part, but exactly the contrary. The case in all its material features is almost identical with that of *Moylan* v. *Second Ave. R. R. Co.* (128 N. Y. 583). It is quite plain that if there were any negligence at all it was in part that of the plaintiff, who should have seen, and did see, the obstructions in the street in front of him ; and, notwithstanding that, kept himself in a position which turned out to be one of danger, and which he could have avoided readily by going to a place of complete safety on the car, which was accessible to him.

The nonsuit was properly granted and the judgment should be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and WILLIAMS, JJ., concurred.

Judgment affirmed, with costs.