action for the March term, without claiming a preference at the time. Subsequently the plaintiff moved to amend his complaint, and was allowed to do so, as matter of favor, but upon terms. The appellate division, in reviewing the order (31 App. Div. 305, 52 N. Y. Supp. 613), said: "The defendant is mistaken in his supposition that a new cause of action is introduced by the amendment. The cause of action is the same. The plaintiff still predicates his right to recover upon the same injury received by him, at the same time and place, and by the unlawful act of the defendant. The amendment simply adds an additional specification of the wrongful act alleged to have been the cause of the injury." A provision inserted by the court below, to the effect that the cause should retain the position it then occupied on the calendar, was stricken out by the appellate court, which said, "The time when the last pleading is served determines and fixes the date of issue, and the clerk must place the case upon the calendar according to that date," and added, "Any delay caused by the amendment, by reason of the necessity of filing a new note of issue, was for the consideration of the plaintiff when he applied for leave to amend." This was tantamount to saying that where the plaintiff, by his own act or neglect, delays his cause, he cannot visit the consequences upon his adversary. The question now arises whether a plaintiff, who has once lost his right to a preference, can, by a simple act of his own, such as amending his pleading, regain the lost privilege. It is clear that he cannot. The practice as to preference is not so accommodating, but, in the language of the authorities, is strict. The right to a preference, once lost by the act or neglect of the plaintiff, is gone forever. Fox v. Quinn (Com. Pl.) 12 N. Y. Supp. 725; Marks v. Murphy, 27 App. Div. 160, 50 N. Y. Supp. 622. The cases relied on by the plaintiff are inapplicable. They do not contain one word about regaining lost rights. They merely enforce the familiar practice, that, when pleadings are amended, there must be a new notice of trial and note of issue. Romaine v. Bowdoin, 70 Hun, 366, 24 N. Y. Supp. 67; Israel v. Voight, 12 Misc. Rep. 206, 34 N. Y. Supp. 28. If the defendant had, by amending his answer, rendered abortive an attempt by the plaintiff to get a preference, such conduct of the adverse party would have presented a different question.

The application was properly denied, and an order reciting such denial has been signed.

Application denied.

---

### SEXTON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. CARRIERS—HORSE CARS—PASSENGERS.

It is not negligence per se to board a horse car while it is moving very slowly.

2. SAME—NEGLIGENCE OF COMPANY.

It is negligence for a horse-car company to accelerate the speed of the car which has slowed down, while a passenger is boarding it.

3. SAME—QUESTION FOR JURY.

Evidence that plaintiff and a companion hailed a horse car, and immediately thereafter the car was slowed down, requires the submission to the

jury of the question whether the driver knew, or should have known, that both persons intended to become passengers.

**4. SAME—DUTY OF SERVANTS.**

> It cannot be said, as a matter of law, that, where a person is seeking to get on a street car either stopped or slowed down for the purpose, there is no duty imposed on the servants of the company in charge of the car to look and see if any one else is following, and seeking to take advantage of the car being stopped, to board it.

Appeal from trial term, Kings county.

Action by Edward Sexton against the Metropolitan Street-Railway Company. Motion for a new trial on a case containing exceptions to the direction of the trial term dismissing the complaint, directed to be heard in the first instance at the appellate division. Exceptions sustained.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Samuel D. Morris, for appellant.

Charles F. Brown, for respondent.

PER CURIAM. The defendant operated a horse railroad on Twenty-Third street, in the city of New York. On the day of the accident, the plaintiff and a man named Benson were standing on the southeast corner of Twenty-Third street and Second avenue. One of defendant's cars came along from the east, moving westerly towards Second avenue. Plaintiff and Benson stepped forward towards the street, Benson signaling to the driver of the car by raising his hand, and the plaintiff hailing him by call. The movement of the car was thereupon slowed down to less than an ordinary walk. The plaintiff and Benson went forward, and sought to get upon the front platform, Benson being in the lead. When plaintiff's foot was on the step, and before he got on the platform, the speed of the car was suddenly accelerated, and it started forward with a jerk. This threw the plaintiff off. The car ran across his foot, necessitating its amputation. Such was the plaintiff's story, and substantially the same story was told by the only witness whom he produced as to the occurrence of the accident. The learned trial judge dismissed the complaint at the close of the plaintiff's case.

We think this disposition of the case was erroneous. It was not negligence, as matter of law, for the plaintiff to board the car when it was moving very slowly. Eppendorf v. Railroad Co., 69 N. Y. 195; Morrison v. Railroad Co., 130 N. Y. 166, 29 N. E. 105; Distler v. Railroad Co., 151 N. Y. 424, 45 N. E. 937. The negligence of the defendant consisted, not in failing to bring the car to a complete stop, but in accelerating its speed, and starting it forward, before the plaintiff had got safely on the car. Morrison v. Railroad Co., supra. The ground on which the learned trial judge seems to have disposed of the case was that the evidence was insufficient to show that the driver was apprised of the intention of the plaintiff to board the car, and that "after the driver admitted the first man the railroad company was not under any obligation to have him look around to see if anybody else was

getting on before he changed the speed of the car." Of course, if the driver was neither actually apprised, nor should, in the exercise of ordinary care, have been apprised, of the intention of the plaintiff and his companion to board the car, he was not chargeable with negligence in increasing the speed of the car while they were attempting to get on. But the fact that both the plaintiff and his companion hailed the car, and that immediately thereafter the car was slowed down, was sufficient to require the submission to the jury of the question whether the driver either knew, or should have known, that the parties were seeking to become passengers on the car. Nor are we inclined to admit the proposition that, as a matter of law, where one person is seeking to get upon a car, either stopped or slowed down for the purpose, there is no duty imposed upon the servants of the company in charge of the car to look and see if any one else is following and seeking to take advantage of the car being stopped to board it. Dean v. Railroad Co., 34 App. Div. 220, 54 N. Y. Supp. 490. That question is generally one of fact, depending on the circumstances of the particular case. In this case, at least, it would seem that if the driver either knew, or should have known, that one of the parties intended to get upon the car, he knew, or should have known, that such was the intention of both. Still, the question was one for the jury. Exceptions sustained, and a new trial granted; costs to abide the event.