(32 Misc. Rep. 682.)

### GOLDWASSER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.   November 7, 1900.)

CARRIERS—NEGLIGENCE OF SERVANT—INJURY WHILE BOARDING CAR.

Evidence that a street-car conductor knew that a truck was standing close to the track, and that several persons were attempting to get on the car, and that he started the car before plaintiff was able to get on the platform by reason of other persons ahead of him, and that he was injured thereby, is sufficient to sustain a judgment against the company.

Appeal from city court of New York, general term.

Action by Max Goldwasser against the Metropolitan Street-Railway Company. From a judgment of the city court (65 N. Y. Supp. 1134) in favor of the plaintiff, the defendant appeals.   Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

H. A. Robinson, for appellant.

M. D. Steuer, for respondent.

PER CURIAM.   There was sufficient evidence to justify the jury in finding that the car was standing still when the plaintiff attempted to board it; that the conductor knew at the time that the truck was standing close to the track; and that the car was started before the plaintiff had reached the platform, being impeded by the other passengers who boarded the car just ahead of him.   The conductor testifies that he saw two or three men attempting to board the car at once, and under these circumstances, knowing, as he did, the position of the truck, he should not have started the car until the plaintiff had safely boarded it.   Moylan v. Railroad Co., 128 N. Y. 583, 27 N. E. 977, differs materially as to its facts from the present case.   There the plaintiff boarded the car while it was still moving, and when it was within six or seven feet of the wagon which he struck.   It did not appear that the conductor had any knowledge of the position of the wagon.   In Caspers v. Railroad Co., 22 App. Div. 156, 47 N. Y. Supp. 961, the plaintiff remained standing on the footboard unnecessarily until he was hit by a truck standing near the track.   There was nothing, as he himself testified, to prevent his entering the car, if he had chosen to do so.   In the present case the plaintiff was unable to get upon the platform.   The charge was as favorable to the defendant as it had the right to ask, and there was evidence upon which the jury might properly find, as it did, that the defendant had been guilty of negligence, and the plaintiff free from contributory negligence.

Judgment affirmed, with costs.