David L. Harris, Appellant, v. The Union Railway Company of New York City, Respondent.

*Negligence — stepping off a car in motion — injury from the sudden starting of the car.*

In an action to recover damages for personal injuries the plaintiff testified that, with intent to alight from one of the defendant's street cars on which he was a passenger, he got up from his seat and motioned to the conductor, who was on the rear platform, and that the conductor raised his hand towards the bell rope; that the plaintiff then stepped down on the side step of the car and that after the car had slowed down so that it was barely in motion he started to alight, but that while in the act of alighting the car started forward with such great rapidity and suddenness that he was violently thrown to the ground.

The plaintiff testified that he did not hear any bell ring as the conductor raised his hand towards the bell rope.

*Held*, that a judgment dismissing the complaint should be reversed;

That it could not be said as matter of law, either that the plaintiff was guilty of contributory negligence or that the defendant was not guilty of negligence.

Appeal by the plaintiff, David L. Harris, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 15th day of October, 1901, upon the dismissal of the complaint by direction of the court after a trial at the Kings County Trial Term.

*Hugo Hirsh*, for the appellant.

*Theodore H. Lord* [*Charles F. Brown* with him on the brief], for the respondent.

Goodrich, P. J. :

The complaint alleges that the plaintiff, while a passenger on one of the defendant's cars, signaled the conductor to stop in order to alight; " that in obedience thereto the conductor gave the usual signal to stop said car; that the car began to slow down as if to come to a full stop; that thereupon the plaintiff at the moment when the car had slowed down so far as to be barely in motion, and having been led to expect from the actions of the conductor as aforesaid that said car would come to a full stop, started to alight; but that while plaintiff was in the act of alighting, and before he had fully alighted, said car started forward with such great rapidity and suddenness that he was violently thrown to the ground."

The plaintiff testified : " I started to get off and motioned to the conductor ; I started to get up in my seat ; got up in my seat and motioned to the conductor ; the conductor was on the rear platform ; the conductor raised his hand to the bell rope.  Q. Was there any result upon the car from that motion to the bell rope ?  A. Yes, sir ; I turned and waited then on the step until the car came practically to a full stop.  Q. And then what did you do ?  A. Then I started to get off and then I. have —  Q. What happened to you ?  A. The car gave a jerk and I was thrown to the ground.  * * * Q. Now, you state that you saw the conductor's hand go up ; do you know whether it went up towards the rope ?  A. Yes, sir.  * * * Q. Is that correct, that the car was beginning to slow down when this accident happened ?  A. No, sir.  Q. It wasn't ?  A. No, sir.  Q. Had the car begun to slow down ?  A. Yes, sir.  Q. You know it wasn't at a stop, don't you ?  A. I didn't know where it stopped there, sir.  Q. No ; but you know it wasn't at a full stop ?  A. No ; but it was very close to it, sir.  Q. How close to it ?  A. Well, sir, I thought I could step off as I always did.  Q. Then you realized. that the car was moving as you attempted to get off ?  A. No, sir ; it was so close —  Q. You thought you were going so close you could step off ?  A. Yes, by the time I stepped off it would be to a. full stop then.  Q. So then the car was moving ?  A. It may be very slightly, but practically to a full stop.  Q. Was it moving ? A. I wouldn't want to say that.  Q. You don't know whether it was moving or at a full stop ?  A. It was practically at a full stop, because I waited —  Q. That is what you told us before, practically at a full stop ; now I ask you whether the car was moving ? A. Because I waited until it came, I suppose, to a stop.  Q. What ? A. I stood on the step  * * *.  Q. Now, was the car moving ? A. Practically no ; that is as much as I can say.  Q. Practically no ; that is your answer ?  A. Yes, sir.  Q. By that you mean the car was at a stop ?  A. Almost at a stop, yes, sir.  * * *  Q. You didn't see what the conductor was doing ?  A. Immediately after he signaled I faced front.  Q. You stood still until after he signaled ?  A. I looked around to him and saw him put his hand up, and then looked immediately and started to go on the step. Q. Did you hear any bell ringing ?  A. No, sir ; the car was rattling ; I didn't hear any bell that day ; I waited on the step and I

saw him raise his hand, and then I waited on the step; all I saw was the conductor raise his hand, as I said, and then as he raised his hand I turned and looked forward again, and then I walked to the side step, and stepped down on the side step; the car was moving all this time; I got both my feet on this side step."

At the close of the plaintiff's evidence the complaint was dismissed and the plaintiff appeals.

We cannot say, on this evidence, as matter of law, either that the plaintiff was guilty of contributory negligence or that the defendant was not guilty of negligence. It is well settled that it is not negligence *per se* to alight from a slowly-moving car. The evidence required a submission of the question of fact to the jury.

The defendant relied upon *Armstrong* v. *Metropolitan Street R. Co.* (36 App. Div. 525; affd., without opinion, 165 N. Y. 641). In the opinion, by Mr. Justice WOODWARD, it was said: "There is in this no evidence that the conductor conveyed any signal to the gripman in response to the signal of the plaintiff, or that the gripman had any notice of his desire to quit the car. It is not doubted that, if the jury could find from the evidence that the conductor did communicate the signal to the gripman and that the gripman in response to that signal slackened the speed of the car for the purpose of allowing the plaintiff to alight, it would be proper for the plaintiff to prepare to get off the car, and it would be negligence for the gripman to suddenly, without warning, increase the speed of the car before the plaintiff had reasonable time to alight. The difficulty is that the evidence falls short of these facts; it simply goes to the extent of proving that the plaintiff signaled the conductor; beyond this there is no testimony." This clearly distinguishes the *Armstrong* case from the one at bar.

Similar doctrine was announced in *Sexton* v. *Metropolitan St. R. Co.* (40 App. Div. 26); *Weingarten* v. *Metropolitan St. R. Co.* (62 id. 364), and *Morrison* v. *B. & S. A. R. R. Co.* (130 N. Y. 166).

We think it was error to dismiss the complaint and that the judgment should be reversed.

All concurred.

Judgment reversed and new trial granted, costs to abide the event.