EDWARD BESSENGER, Appellant, *v.* METROPOLITAN STREET RAILWAY COMPANY, Respondent.

*Negligence — injury to a passenger on a street car which has stopped at a street crossing and starts as he is stepping therefrom.*

In an action brought against a corporation operating a street railway in the city of New York to recover damages for personal injuries sustained by the plaintiff, evidence was given that the plaintiff was a passenger upon one of the defendant's south-bound Madison avenue cars and had asked for and received a transfer to East Fourteenth street; that just before the car reached East Fourteenth street the conductor cried out "transfer" and that the car came to a full stop on the north or upper side of the street; that while the car was thus standing still the plaintiff, who had been riding on the rear platform, stepped down upon the step and had placed one foot upon the ground when the car started, throwing him to the street.

*Held*, that the question of the defendant's negligence should have been submitted to the jury, and that it was improper for the court to dismiss the complaint.

When a street surface car has come to a full standstill reasonable care in its operation demands that it shall not be started without some effort on the part of the conductor or motorman to determine whether this may be done with safety to passengers or intending passengers.

APPEAL by the plaintiff, Edward Bessenger, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 15th day of April, 1902, upon an order entered in said clerk's office on the 18th day of March, 1902, dismissing the complaint and setting aside the verdict of a jury in favor of the plaintiff for $1,500, and also from the said order upon which such judgment was entered.

*Frederick S. Martyn* and *William Van Wyck*, for the appellant.

*Theodore H. Lord* and *Henry A. Robinson* [*Charles F. Brown* with them on the brief], for the respondent.

WOODWARD, J.:

The plaintiff was a passenger upon one of the defendant's southbound Madison avenue cars, and had asked for and received a transfer to East Fourteenth street. Just before the car reached the crossing the conductor cried out "transfer," and the car came to a full standstill on the upper side of Fourteenth street. While the car was thus standing, the plaintiff, who had been riding on the rear platform, stepped down upon the step and had one foot upon the ground, when the car started, throwing the plaintiff to the street, inflicting injuries which the jury has assessed at $1,500. The learned trial court reserved decision upon the defendant's motion to dismiss the complaint, and subsequent to the coming in of the jury decided the motion and dismissed the complaint, so that the case is left with no verdict of the jury and the motion for a new trial is not here for review. (*Griffiths* v. *Metropolitan Street R. Co.*, 63 App. Div. 86, 88.) The plaintiff appeals.

The learned court dismissed the complaint mainly upon the authority of *Armstrong* v. *Metropolitan Street R. Co.* (36 App. Div. 525; affd., 165 N. Y. 641), but we are of opinion that the doctrine of that case is not to be extended beyond the facts there involved, and that the evidence in the case now before us demanded that the jury should determine the question of negligence on the part of the defendant. In the *Armstrong* case the plaintiff testified that just before the car reached Barclay street he signaled the conductor to stop the car; that this signal was given just in front of the Astor House, which is about the middle of the block, and

that the conductor nodded his head to the signal. Then the car slowed down and the plaintiff attempted to alight. While in the act the car suddenly increased its speed and he received injuries from a fall. We held in that case that there was no evidence that the conductor conveyed the signal to stop to the gripman, or that the gripman had any notice of the plaintiff's desire to leave the car, and that in the absence of this evidence there was nothing from which a jury might properly draw the inference of negligence on the part of the gripman in accelerating the speed of his car in the ordinary conduct of its passage through a crowded thoroughfare. So far as the evidence in that case went there was nothing to show that the gripman had any reason to suppose that any one wanted to alight from the car, and the mere fact that its speed was changed immediately after the giving of the signal to the conductor did not warrant the presumption that it was done for the purpose of allowing the plaintiff to alight. In the case at bar the car had come to a full stop at a street intersection; the conductor had made an announcement of the transfer point, and the jury might very properly have found that it was negligence on the part of the motorman to again start his car without looking around to discover whether there was any one in the act of alighting, if, indeed, it was not his duty to refrain from starting the car until he had received a signal from the conductor. It is one thing to slacken and increase the speed of a car in the ordinary work of operating the same with reference to the safety of vehicles and persons in the highway where no notice is given to the operator of the desire of a person to leave or enter the car, and quite another thing to hold that a passenger may not, with a car at a standstill, rely upon the motorman to exercise a reasonable degree of care in starting the car.

The rule laid down in *Dean* v. *Third Avenue R. R. Co.* (34 App. Div. 220), cited and applied in *Sexton* v. *Metropolitan Street R. Co.* (40 id. 26), appears to us much more applicable to the facts here presented, and more in accord with public policy. Whatever may be the rule in respect to steam railroads, we are of opinion that when a street surface car has come to a full standstill, reasonable care in its operation demands that it shall not be started without some effort on the part of the conductor or motorman to determine whether this may be done with safety to passengers or intend-

ing passengers, and that the question of negligence is one for the jury. This is in accord with the almost universal rule which is witnessed in the every day operation of these cars, where the motorman starts only on a signal from the conductor, and it is the only one consistent with the safety of passengers and the rights of the public.

The judgment and order should be reversed, and judgment entered on the verdict.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and JENKS, JJ., concurred.

Order setting aside verdict and dismissing complaint and judgment entered thereon reversed, and judgment directed in favor of the plaintiff upon the verdict, with costs.