REGULUS CIGAR CO. v. FLANNERY.

(Supreme Court, Appellate Term.  June 27, 1907.)

TRIAL—DISMISSAL—FAILURE OF PROOF.

Where the plaintiff failed in its proof, it was error for the court to deny defendant's motion to dismiss the complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 359, 360.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Regulus Cigar Company against John P. Flannery. From a judgment for defendant, plaintiff appeals.  Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Samuel F. Hyman, for appellant.

Myers & Goldsmith, for respondent.

PER CURIAM.  An examination of the record shows that the plaintiff failed in its proof, and for that reason alone the defendant's motion to dismiss the complaint should have been granted.  The learned trial justice, however, gave a judgment in favor of the defendant.

The judgment should be modified, by directing that the action be dismissed, with costs, without prejudice to a new action, and, as modified, affirmed, without costs of this appeal.

(55 Misc. Rep. 211)

KLEIN v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.  June 27, 1907.)

CARRIERS—INJURY TO PASSENGER—SUFFICIENCY OF EVIDENCE.

Where, in an action for injuries received while attempting to board a street car, the defendant offered no evidence, and plaintiff's testimony, which was corroborated by one apparently disinterested witness, clearly supported the allegations of the complaint that while plaintiff was attempting to board the car after it had come to a standstill, and before he had a reasonable time to do so, the car was started, and he was thrown to the ground and injured, a verdict for the defendant was unwarranted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1313.]

Appeal from City Court of New York, Trial Term.

Action by Adolph Klein against the Interurban Street Railway Company.  From a judgment for defendant, and an order denying a new trial, plaintiff appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for appellant.

Henry A. Robinson (Bayard H. Ames, of counsel), for respondent.

PER CURIAM.  The substance of the plaintiff's complaint is that, in attempting to board one of defendant's cars at Avenue B and Sec-

ond street, after the same had come to a standstill, before he had a reasonable opportunity to do so, the car was started, and he was thrown to the ground, receiving the injuries complained of. The defendant, having no report of the accident, offered no evidence.

The plaintiff's testimony clearly supported the allegations of his complaint, and he was corroborated by one apparently disinterested witness. There was a discrepancy between the testimony of the plaintiff and one of his witnesses as to the part of the car on which the conductor stood when the accident happened; but as it occurred in November, 1902, and the case was not tried until March, 1907, a lapse of over four years, that fully accounts for defects in the memory of the witnesses, even if such discrepancy was material, which it was not. The jury found for the defendant. A careful examination of the record does not disclose the slightest reason for the verdict rendered. The testimony of the plaintiff and his corroborating witness was fair, unimpeached, uncontradicted, and their narration of the occurrence clear and convincing, and its truth highly probable. The verdict is against the evidence, and unwarranted. This conclusion makes it unnecessary to discuss the alleged error in the judge's charge.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.