north of Battery Park, in this city. He says he "hailed" the motorman of a north-bound car. The car slowed up and almost came to a full stop. He attempted to get on while it was, still in motion. He reached up and caught one post. Just then the car started off with a "terrific jerk"—"went with such force I could not swing around and catch the other hand." He was thrown to the ground and received injuries.

There is no testimony that the motorman was looking at or towards the plaintiff, or that he heard the plaintiff call; nor does it appear that the car increased its speed in response to any signal from the conductor; and it appears that the car was not stopped until a scream emitted by some person across the street attracted the attention of the motorman, who then stopped the car. This is an indication that neither the motorman nor the conductor had any notice of an intention on the part of the plaintiff to board the car. The slowing up of the car in the middle of the block can as well be attributed to other causes as in response to the call of the plaintiff, and the happening of the accident under such circumstances does not charge the defendant with negligence. Nathan v. Railway Co. (Sup.) 91 N. Y. Supp. 35.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

(55 Misc. Rep. 213)

ZAMPELLI v. NEW YORK CITY RY. Co. (two cases).

(Supreme Court, Appellate Term. June 27, 1907.)

CARRIERS—ACTION FOR INJURIES—EVIDENCE—SUFFICIENCY.

In an action by the wife for injuries sustained in attempting to board a street car, and in an action by the husband for consequential damages resulting to him from the injury, tried together, judgments in each case for defendant *held* to be against the evidence.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Two actions, one by Fiorenza Zampelli and the other by Raffaele Zampelli, against the New York City Railway Company. From judgments for defendant in each case, plaintiffs appeal. Judgment in each case reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Rosario Maggio, for appellants.
William E. Weaver, for respondent.

GILDERSLEEVE, P. J. These actions were tried together. The first is for personal injuries to the plaintiff, and the second is by the husband for consequential damages alleged to have resulted to him from the injury to his wife. The jury found for defendant in each case, and the plaintiff in each case appeals.

The plaintiff wife testified that when she was attempting to get on to the car, which was stationary, the conductor rang the bell, the car started up, and she was thrown to the ground and injured. Plaintiff's sister, a witness to the accident, while differing in some unimportant

details from plaintiff, substantially corroborated her in all the essential features of the accident. Dr. Pine E. Bush testified to being called shortly after the accident to give medical aid to plaintiff, and states the nature of her injuries, which seem to have been severe. There is nothing inherently improbable in this testimony, and it is absolutely unimpeached, save by such inferences as may be drawn from the fact that no report of the accident was ever made to defendant by its conductor and motorman, and that plaintiff made no complaint until 98 days after the accident. No witnesses to the accident were called by defendant. It seems to us that the judgment in each case is against the evidence, and must be reversed.

Judgment in each case reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.