might have been found that the defendant committed the trespass upon the lands of the plaintiff.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

HIRSCHBERG v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

1. APPEAL AND ERROR (§ 856*)—REVIEW—GROUNDS FOR SUSTAINING DECISION NOT CONSIDERED.

Where a nonsuit was granted at the close of plaintiff's case, but the court ordered a new trial to enable plaintiff to introduce additional evidence, such order may be sustained on appeal, where plaintiff's evidence presented a question for the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3423; Dec. Dig. § 856.*]

2. CARRIERS (§ 320*) — INJURY TO PASSENGER — NEGLIGENCE — QUESTION FOR JURY.

Where plaintiff, a passenger, showed that he stepped onto the running board of a street car when the car was moving very slowly and almost at a standstill, taking hold of a stanchion, and got both feet on the running board, and was about to step inside the car, when the car started up, his foot slipped, and he fell and was injured, it was a question for the jury whether the starting up of the car was negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1167; Dec. Dig. § 320.*]

Appeal from Trial Term, Kings County.

Action by Henry Hirschberg against the Brooklyn, Queens County & Suburban Railroad Company. From an order granting a new trial after a nonsuit, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

D: A. Marsh, for appellant.

Don R. Almy, for respondent.

MILLER, J. This is a negligence action. The complaint is that, as the plaintiff was attempting to board one of the defendant's cars, it started before he had got in a position of safety. At the close of the plaintiff's case, the court granted a nonsuit. The court denied the plaintiff's motion to reopen the case to put in additional evidence, but granted a new trial for the purpose of enabling the plaintiff to do that; and the complaint of the appellant on this appeal is that the trial court should not grant a new trial solely for the purpose of giving a party another chance to present his evidence.

We think, however, that the order may be sustained, for the reason that the plaintiff's evidence presented a question for the jury. The plaintiff testified in substance that, as the car approached him, he signaled the motorman to stop, whereupon the car commenced to slow down, and as it reached him had nearly come to a stop; that while the car was thus moving very slowly, and almost coming to a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stop, he took hold of the stanchion, got both feet on the running board, and was about to step up inside the car, when the conductor rang the bell, the car started, his foot slipped, and he fell and was dragged some distance.

The nonsuit was evidently granted upon the ground that there was no proof of the defendant's negligence, of any unusual movement of the car upon starting; but the negligence complained of was in accelerating the speed of the car at all before the plaintiff had got securely aboard. It has been held that the starting of a car before a woman passenger has obtained a seat presents a question for the jury. Dochtermann v. Brooklyn Heights R. R. Co., 32 App. Div. 13, 52 N. Y. Supp. 1051, affirmed 164 N. Y. 586, 58 N. E. 1087; Morrow v. Brooklyn Heights R. R. Co., 119 App. Div. 22, 103 N. Y. Supp. 998. Whatever be the rule in case the passenger is a man, he must at least be given an opportunity to get into a position of security; and the starting of the car, or accelerating its speed, while the passenger is still attempting to step up into the car, and before he has got a firm footing, presents a question for the jury. It is not claimed that it is contributory negligence as matter of law to attempt to board a street car just coming to a stop. See Pfeffer v. Buffalo R. R. Co., 4 Misc. Rep. 465, 24 N. Y. Supp. 490, affirmed 144 N. Y. 636, 39 N. E. 494; Sexton v. Metropolitan Street Railway Co., 40 App. Div. 26, 57 N. Y. Supp. 577; Mulligan v. Metropolitan Street Railway Co., 89 App. Div. 207, 85 N. Y. Supp. 791; Morrison v. B. & S. A. R. R. Co., 130 N. Y. 166, 29 N. E. 105.

The order should be affirmed

Order affirmed, with costs. All concur; WOODWARD, J., in result.