MARY MASTERSON, Respondent, *v.* CROSSTOWN STREET
RAILWAY COMPANY OF BUFFALO et al., Appellants.

Negligence — passenger injured by starting of street car while
alighting therefrom — when evidence insufficient to prove com-
pany negligent in starting the car.

While it is the duty of the employees of a street railroad corporation to
give persons intending to become passengers on a street car a reasonable
opportunity to get upon the car, and persons on the car a reasonable
opportunity to alight therefrom, a passenger, who fell while attempting
to alight from a car, because the car was started before she stepped to
the ground, must show affirmatively, in order to recover from the rail-
road company, that its employees were negligent in their conduct
toward her as an alighting passenger.

Plaintiff, after getting on the rear platform of a street car, found that she
was on the wrong car; she did not enter the car but waited on the plat-
form while two other passengers were getting on; she then attempted
to leave the car, but, as she was about to step to the ground, the car
started and she fell. The conductor was not on the platform, and
the plaintiff did not signal to him or in any way notify him that she
wanted to get off. There is no evidence that the conductor either
had any knowledge that the plaintiff desired to alight from the car, or
that there were any facts to make him alert to ascertain whether she
desired to do so. *Held*, that the evidence is insufficient to make it a
question for a jury whether the defendant had knowledge of plaintiff's
intention to alight from the car, and was, consequently, guilty of
negligence in starting the car without giving her reasonable time to
alight.

*Masterson* v. *Crosstown St. Ry. Co.*, 136 App. Div. 908, reversed.

(Submitted March 30, 1911; decided April 25, 1911.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
December 17, 1909, affirming a judgment in favor of plain-
tiff entered upon a verdict.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Dana L. Spring* for appellants. The defendant was not
negligent. (*Armstrong* v. *M. S. R. Co.*, 36 App. Div. 525;

165 N. Y. 641; *Sims* v. *M. S. R. Co.*, 65 App. Div. 270 ; *Laverty* v. *I. S. R. Co.*, 49 Misc. Rep. 510 ; *Spaulding* v. *Q. & B. S. R. Co.*, 184 Mass., 470 ; *Egg* v. *R. R. Co.*, 115 App. Div. 804 ; *Bachrach* v. *N. E. R. Co.*, 35 App. Div. 633 ; *Grabenstein* v. *Met. St. Ry. Co.*, 84 N. Y. Supp. 261 ; *McCarthy* v. *Met. St. Ry. Co.*, 88 N. Y. Supp. 388 ; *Lofsten* v. *B. H. R. R. Co.*, 184 N. Y. 145.)

*Thomas A. Sullivan* and *Lawrence J. Collins* for respondent. The defendants were guilty of negligence in starting the car before the plaintiff was safely on the ground. (*Losee* v. *R. R. Co.*, 63 Hun, 404 ; *Wolfkiel* v. *S. A. R. R. Co.*, 38 N. Y. 49 ; *Dean* v. *T. A. R. R. Co.*, 34 App. Div. 220 ; *Sexton* v. *Met. St. Ry. Co.*, 40 App. Div. 26 ; 57 N. Y. Supp. 577 ; *McGill* v. *C. C. R. R. Co.*, 84 N. Y. Supp. 477 ; *Bessenger* v. *M. S. Ry. Co.*, 79 App. Div. 32 ; *Gregario* v. *N. Y. C. Ry. Co.*, 97 N. Y. Supp. 373 ; *Harris* v. *Union R. R. Co. of New York City*, 69 App. Div. 385 ; *Weingarden* v. *Railway Co.*, 62 App. Div. 364 ; *Morrison* v. *R. R. Co.*, 130 N. Y. 166.)

CHASE, J. The plaintiff fell from the steps of a street car and was injured. She claims that the fall was caused by the negligence of the defendants, and this action is brought to recover damages for the injury. She stood, with two ladies, on a street near the car tracks, waiting to get on board a car that was approaching. The car stopped for them and the plaintiff entered upon the rear platform of the car, and while there she was notified by an acquaintance standing near at the side of the street that she was on the wrong car, and that the next car to arrive would take her much nearer her home, and instead of going into the car door she stepped to the rear of the platform and waited for the two ladies to come upon the platform and pass through the door, and then she started to leave the car, and as she was about to step to the ground the car started, and she fell. The conductor was not on the platform of the car and the plaintiff did not signal to

him or in any way notify him that she wanted to get off. Her movements in leaving the car are shown by the following questions and answers:

"Q. When you say you waited for the ladies to go in the car you mean you waited for them to pass you?

"A. No sir. I couldn't get off with the ladies on the step and I had to wait for them to get in the door before I could get off. I waited until the ladies passed me, and started in the door. I stepped to the back of the platform and as they stepped in front of me I stepped down."

The person who called to the plaintiff and stated to her that she was on the wrong car and that the next car would carry her nearer to her home was also sworn as a witness, and he gave testimony substantially the same as the plaintiff. No other witnesses were sworn on behalf of the plaintiff in regard to the occurrence.

The testimony on behalf of the defendants is to the effect that the plaintiff passed into the car and made no attempt to alight until it had started and that she then went out on the platform and deliberately stepped to the ground while the car was in motion. The jury has decided in favor of the plaintiff and we will assume that it has believed the testimony of the plaintiff and her witness and disbelieved the testimony presented by the defendants.

It is the duty of the employees of a street surface railroad corporation to give persons intending to become passengers on a street car a reasonable opportunity to get upon the car, and persons on the car a reasonable opportunity to alight therefrom. It does not appear from the testimony in this case that any person on the car desired to alight therefrom at the place on the street where the plaintiff was waiting to become a passenger. The conductor of the car had no reason from anything that appears in the record to assume that any duty at that time existed toward an alighting passenger, or that the plaintiff would suddenly change her mind after she was safely upon the car and proceed to leave the same. Her act in boarding the car justified him in assuming that she

would remain thereon as a passenger and pay her fare as such. She had full and reasonable opportunity to get upon the car. It is not claimed that the defendants were negligent toward her as an intended passenger.   It appears from the complaint as well as from the briefs of counsel that the only claim made on behalf of the plaintiff is that she was not given a reasonable opportunity to alight from the car.

It was necessary, to enable the plaintiff to recover in this case, for her to show affirmatively that the defendants were negligent in their conduct toward her as an alighting passenger.   The first step in establishing such negligence was to show that the defendants had knowledge that the plaintiff desired to alight from the car, or of such facts as to make them alert to ascertain whether she desired to alight from the car. We do not find any such evidence in the record.   Plaintiff testified that after getting upon the platform of the car she stood thereon until the two ladies had passed her and started in at the door, and that then for the first time, without notifying the conductor or any person, or giving any indication of her change of mind, she started to alight.   The plaintiff's testimony does not show that there was any reason for the conductor holding the car for a longer time than he did, except the undisclosed intention of the plaintiff to alight as soon as the other ladies had entered the door.

In connection with the general testimony given on behalf of the defendants it appears that the conductor was in the forward part of the car attending to his duties, and that he saw the ladies safely on board the car, and that while still looking toward the rear of the car and the step leading from the platform, he gave the signal to start.   It is upon the testimony of the conductor that he was looking towards the platform and steps when he gave the signal to start that the plaintiff relies to sustain the claim that there was evidence to go to the jury upon the question of the defendant's negligence. Her claim is that if the conductor was looking toward the rear of the car when he gave the signal he must necessarily have seen the plaintiff step from the platform, and that her stepping

from the platform was notice of her desire to alight from the car. The plaintiff testified that she waited until the ladies passed into the car, and that she was then standing back of them. It does not appear how much time elapsed between the giving of the signal and the starting of the car. If the signal was given by the conductor before the plaintiff had shown any intention of alighting, and while she was still upon the platform of the car behind the other ladies, there is nothing to show that a moment of time did not elapse before the car actually started. In that moment of time the plaintiff may have heedlessly taken the one or possibly two steps leading from the car.

We are of the opinion that the fragment of testimony taken from the conductor's sworn statement, in entire disregard of his other testimony, is wholly insufficient to make it a question for a jury to determine whether the defendants had knowledge of the plaintiff's intention to alight from the car and were consequently guilty of negligence in starting the car without giving her reasonable time so to alight. The lack of any potential value in such fragment of testimony on which the plaintiff seeks to sustain the recovery, is emphasized by the conceded fact that the plaintiff did not give the conductor any actual notice of her abandonment of purpose to become a passenger or of intention to alight from the car.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WILLARD BARTLETT and COLLIN, JJ., concur.

Judgment reversed, etc.