LANG v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term.   March 19, 1912.)

1. NEGLIGENCE (§ 89*)—CONTRIBUTORY NEGLIGENCE—IMPUTED NEGLIGENCE.

Though a child, caught in a door of a subway train upon its starting, may have been guilty of contributory negligence, her negligence is not imputable to her mother, in an action for injuries sustained while endeavoring to release her daughter.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 130–137; Dec. Dig. § 89.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CARRIERS (§ 344*)—INJURY TO PASSENGERS—CONTRIBUTORY NEGLIGENCE.

That a daughter's contributory negligence was the sole cause of an injury to her mother, occurring while they were boarding a subway train, is in effect a complete denial of negligence on the part of the railway company, provable under the general denial; and it was not incumbent upon the mother, as plaintiff in an action for her injuries, to negative such claim.

· [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1399; Dec. Dig. § 344.*]

3. CARRIERS (§ 320*)—INJURIES TO PASSENGERS—STARTING TRAIN—QUESTION FOR JURY.

In an action for injuries to a passenger while boarding a subway train, the question as to whether the train was started without due care to see that it could be done with safety to those boarding it was for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. § 320.*]

4. CARRIERS (§ 287*)—INJURIES TO PASSENGERS—STARTING TRAIN.

Where a subway train was stopped at a regular station for the purpose of taking on passengers, the employé in charge thereof was chargeable with notice that passengers were getting on, and before starting was bound to look and see if he could shut the doors and start the train with safety to those boarding it.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1154–1166; Dec. Dig. § 287.*]

Giegerich, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second District. ·

Action by Alexanderina Lang against the Interborough Rapid Transit Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued November term, 1911, before GIEGERICH, LEHMAN, and PENDLETON, JJ.

William C. Abercrombie, for appellant.

James L. Quackenbush (John Montgomery, of counsel), for respondent.

PENDLETON, J. The action was for damages for personal injuries resulting from negligence. There was evidence to show that plaintiff, her husband, daughter, and a guest had paid their fare and were on the platform of the underground road at the Ninety-Sixth Street station for the purpose of boarding one of defendant's trains. The train stopped at the station, and while at a standstill the party proceeded to enter by the middle entrance door, which was open for that purpose. The guest first, the husband next, plaintiff third, and the daughter following immediately after. The guest, plaintiff, and husband had entered, and while apparently the daughter, immediately following, was entering, the sliding door closed upon her, catching her body and foot, and while held in that position the train started. The car was not crowded at the time. Plaintiff was injured in endeavoring to hold the door back, so as to release her daughter. At the trial the complaint was dismissed on the ground, as appears, that

plaintiff had failed to prove absence of contributory negligence on behalf of the daughter or negligence on behalf of defendant.

[1, 2] There was no contention that plaintiff was guilty of contributory negligence in assisting her daughter in peril. Contributory negligence by the daughter, even if proven, would not defeat plaintiff's claim. Such negligence is not imputable to plaintiff, nor would it constitute a defense to this action, although it would defeat an action by the daughter herself. Sann v. Johns, 16 App. Div. 252, 44 N. Y. Supp. 641. It was not incumbent, therefore, on plaintiff to prove absence of contributory negligence by the daughter. If defendant contends that the daughter's negligence was the *sole* cause of her (the daughter's) peril, that is a denial of negligence by defendant, and a matter of defense under the general issue.

[3] The only question in this case therefore is: Was there sufficient evidence to go to the jury of negligence on defendant's part in putting the daughter in peril? In Bessenger v. Metropolitan Street Railway Company, 79 App. Div. 33, 79 N. Y. Supp. 1017, the car had come to a standstill at a street intersection. Plaintiff was getting off, and while so doing the car started. It was held dismissal was error. "The jury might very properly have found that it was negligence on the part of the motorman to again start his car without looking around to discover whether there was any one in the act of alighting." This case was approved in Foden v. Brooklyn Heights R. R. Co., 136 App. Div. 765, 121 N. Y. Supp. 420; where the court said:

"We are committed to the rule, declared in Dean v. Third Ave. R. R. Co., 34 App. Div. 220 [54 N. Y. Supp. 490], applied in Sexton v. Metropolitan Street Railway Company. 40 App. Div. 26, 57 N. Y. Supp. 577, and reaffirmed in Bessenger v. Metropolitan Street R. Co., 79 App. Div. 32 [79 N. Y. Supp. 1017], that 'where a street surface car has come to a full standstill, reasonable care in its operation demands that it should not be started without some effort on the part of the conductor or motorman to determine whether this may be done with safety to passengers or intending passengers, and that the question of negligence is one for the jury.'"

Applying this principle to the case at bar, the car had come to a standstill at a regular station. While the daughter was getting on, the door was closed, catching her, and while so caught, and when the door, by reason of her being so caught, could not have been completely closed, the train was started, so Miss Wagner testified, and the jury would have been entitled to believe her. Even if it be assumed that the daughter was negligent in trying to board the car, or that her getting on and the closing of the door were simultaneous acts, still the starting of the train while she was so caught, and before completely closing the door, made out a case for the jury. The jury might very properly have found it was negligence on the part of the defendant to start the train without looking, or before the door was completely closed, especially where it must have been apparent there was some obstruction to a complete closing. The car having stopped at a station, reasonable care in operation required that it should not be started without *some effort* on the part of those in charge to see if it could be done with safety; and, that being so, where an accident is caused by the starting, the question of negligence is for the jury under the

above authorities. Although the foregoing cases are street car cases, no reason appears why the same rule should not apply to the underground, and in fact it has its regular stations for stopping, and the usual and proper course is to close the doors by the lever before the signal is given to start. It would seem especially incumbent to make an effort to see if it could be done with safety. Where defendant knew plaintiff was getting on, the starting of the car with a sudden jerk while plaintiff was in the act of doing so was held to make out a case for the jury as to defendant's negligence. Morrison v. B. & S. A. R. Co., 130 N. Y. 166, 29 N. E. 105; Hirschberg v. Brooklyn & Queens Co., 134 App. Div. 629, 119 N. Y. Supp. 492.

[4] Here the stop was at a regular station for the purpose of taking on passengers. The defendant's agent is therefore chargeable with notice that passengers are getting on (Laverty v. Interurban Street R. R. Co., 49 Misc. Rep. 510, 98 N. Y. Supp. 846), and is bound to look and see if he can proceed to shut the door or start the train with safety. If he had looked, he would have seen the trouble; if he could not see, the train should not have been started. The act of closing the door, as well as starting the train, made out a prima facie case of negligence for the jury.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

LEHMAN, J., concurs.

GIEGERICH, J. (dissenting). I think the trial justice was right in dismissing the complaint for failure of proof. It may well be that the daughter was caught because she attempted to enter after the door had started to close, and that the defendant was not guilty of any negligence up to that time, and consequently not responsible for any injuries received by the plaintiff up to that time. Even though the defendant may be responsible for such injuries, if any, as the plaintiff may have received after the defendant's negligent act in starting the car, it was for the plaintiff to show when her injuries were received. I can find nothing in the record to show that such injuries were not all received before the car started, and at the first impact of the plaintiff's body against the door, and before the time when any negligence was proven against the defendant.

I believe the judgment should be affirmed, with costs.