MORRIS ENGEL, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant, and THE CITY OF NEW YORK, Defendant.— Defendant railroad company appeals from a judgment, entered upon a verdict of a jury, in favor of the plaintiff for damages for personal injuries sustained by him, a passenger in defendant's trolley car, through his stepping from that car into a depression in the street, the edge of which nearest the track was not less than twenty-four nor more than twenty-five inches from the outside rail thereof. Judgment unanimously affirmed, with costs. Although respondent failed to show appellant's alleged negligence, based upon the latter's claimed failure to perform the duty imposed by Railroad Law, section 178, nevertheless the evidence presented a question of fact for the jury as to appellant's alleged negligence in failing to furnish to the plaintiff, its passenger, a reasonably safe place to alight. The verdict finds ample support in the evidence. The record discloses no errors on the part of the trial justice. Present — Hagarty, Carswell, Davis, Adel and Taylor, JJ.

MORRIS FINN, Appellant, v. THE CITY OF NEW YORK, Respondent.— In an action to recover for personal injuries resulting from contact between the plaintiff and the defendant's car, order of the Appellate Term affirming a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, which dismissed the complaint at the close of plaintiff's evidence, unanimously affirmed, with costs. No opinion. Present — Carswell, Davis, Johnston, Adel and Close, JJ.

VALENTINE B. HAVENS, Respondent, v. HARRI M. HOWELL and Others, Appellants.— Order dated September 8, 1937, resettling order dated June 23, 1937, granting plaintiff leave to serve an amended complaint, affirmed, without costs, with leave to plaintiff to serve the amended complaint within ten days from the entry of the order hereon. Appeal from order of June twenty-third dismissed, that order having been superseded by the order of September eighth. No opinion. Carswell, Davis, Johnston, Adel and Close, JJ., concur.