Bubke, J. (dissenting).
Bast Tremont Avenue at West Farms Square in the Borough of The Bronx has two pedestrian islands located in the roadway. These islands are utilized solely as bus stops where passengers may board and alight from buses owned by the defendant Surface Transportation *767 Corp. The roadway between these islands is used exclusively by the defendant for its buses. All other traffic, including municipal buses, is prohibited from using this area.
On the night of June 26, 1953 plaintiff’s intestate was waiting at the bus stop for the eastbound Morris Park Avenue bus. The bus arrived, and stopped at its designated place to receive passengers. The intestate proceeded towards the entrance of the vehicle, when the door suddenly closed. Intestate began to knock on the door. His foot became caught in a hole in the pavement immediately opposite the entrance to the bus and, as the bus moved away, intestate lost his balance and fell under the vehicle. The rear wheels of the bus passed over his body, inflicting upon him serious injuries, which subsequently resulted in his death.
It appeared that the defect in the pavement was present for several months. The jury returned a verdict for the plaintiff. The Appellate Division reversed on the law and the facts and dismissed the complaint.
We need not elaborate on the argument that, under various contracts and agreements, defendant was obligated to maintain and repair the bus stop area. It is undisputed that Surface Transportation leased the route franchise from the Third Avenue Transit Corporation, successor to the Third Avenue Railway Corporation. In 1940 Third Avenue agreed to maintain the existing pavement in the railroad area in repair until the tracks were removed by the City of New York. The agreement also provided that the “ rights, powers, conditions, provisions, requirements and limitations ” inured to the benefit of the company, its successors and assigns. Hence, upon leasing the franchise to Surface, these obligations to maintain the existing sidewalks in repair devolved upon that company, and the liability of Surface could be predicated on that theory.
However, it is our opinion that the facts presented by the plaintiff were sufficient to establish a prima facie case in common-law negligence.
It has long been established that a railroad is obliged to accommodate all persons presenting themselves on the platform, before the signal to depart was given. (Hickenbottom v. Delaware, Lackawanna & Western R. R. Co., 122 N. Y. 91; Paulitsch v. New York Cent. & H. R. R. R. Co., 102 N. Y. 280; Dobiecki v. Sharp, 88 N. Y. 203, 208; Brassell v. New York Cent. *768 & H. R. R. R. Co., 84 N. Y. 241; Egg v. Rochester Ry. Co., 115 App. Div. 804.) It is equally well settled that it is the duty of the agent of a street surface transportation corporation to give persons intending to become passengers on a street car a reasonable opportunity to board the vehicle. (Masterson v. Crosstown St. Ry. Co., 201 N. Y. 499, 501.) Thus, when passengers are boarding or alighting from such vehicles at regularly established stops, it is negligence on the part of the agent suddenly to put the vehicle in motion, without giving a signal. (Keating v. New York Cent. & H. R. R. R. Co., 49 N. Y. 673.)
Where a passenger is injured in attempting to board a car which has slowed down, it is incumbent upon the prospective passenger to demonstrate that the motorman actually saw him, and responded to his signal but went off without allowing a reasonable time to permit him to get safely on the car. (Clinton v. Brooklyn Heights R. R. Co., 91 App. Div. 374; Fremont v. Metropolitan St. Ry. Co., 83 App. Div. 414; Bachrach v. Nassau Elec. R. R. Co., 35 App. Div. 633.) On the other hand, where the vehicle is completely stopped for the purpose of taking on passengers, if the agent of the transportation company knew or should have known that a person intended to take passage and did not afford him a reasonable opportunity to board the car in safety, then the transportation company is liable for injuries sustained by the passenger in attempting to board the vehicle. (Johnston v. New York City Ry. Co., 120 App. Div. 456; Sexton v. Metropolitan St. Ry. Co., 40 App. Div. 26; Dean v. Third Ave. R. R. Co., 34 App. Div. 220; Schwartz v. New York City Ry. Co., 55 Misc. 214; Zampelli v. New York City Ry. Co., 55 Misc. 213; Pfeffer v. Buffalo Ry. Co., 4 Misc. 465, affd. 144 N. Y. 636.) Thus, when a street surface car has come to a full standstill, reasonable care in its operation demands that it should not be started without some effort on the part of the conductor or motorman to determine whether this may be done with safety to passengers or prospective passengers. (Bessenger v. Metropolitan St. Ry. Co., 79 App. Div. 32.) Where a bus or train or trolley car stops at the place designated for receiving passengers for that purpose, the transportation company’s agent is chargeable with notice that passengers are getting on (Laverty v. Interurban St. Ry. Co., 49 Misc. 510) and he is bound to look and see if he can proceed to shut the door in safety; if he could not see that the area was clear, *769 he is remiss in starting np. (Lang v. Interborough R. T. Co., 76 Misc. 195; Goldwasser v. Metropolitan St. Ry. Co., 32 Misc. 682.)
Whether a prospective passenger has had a reasonable opportunity to board the vehicle, and whether the company’s agents knew or should have known that a passenger was attempting to board the bus, are questions of fact for the jury. (Johnston v. New York City Ry. Co., 120 App. Div. 456, supra; Bessenger v. Metropolitan St. Ry. Co., 79 App. Div. 32, supra; Sexton v. Metropolitan St. Ry. Co., 40 App. Div. 26, supra; Lang v. Interborough R. T. Co., 76 Misc. 195, supra; Klein v. Interurban St. Ry. Co., 55 Misc. 211; Zambelli v. New York City Ry. Co., 55 Misc. 213, supra; Schoenfeld v. Metropolitan St. Ry. Co., 40 Misc. 201; Pfeffer v. Buffalo Ry. Co., 4 Misc. 465, affd. 144 N. Y. 636, supra.)
Thus the jury could have reasonably found, on the evidence, that decedent was not afforded a reasonable opportunity to board the bus, and that the bus driver was negligent in failing to determine whether all prospective passengers at the bus stop had boarded his vehicle.
Furthermore, it can no longer be doubted that transportation companies operating these vehicles owe a duty to prospective passengers, as well as passengers, to provide a safe place, not only to alight, but to enter the vehicle. (Keener v. Tilton, 283 N. Y. 454; Schwartz v. Brooklyn & Queens Tr. Corp., 264 App. Div. 905; Young v. Jamaica Buses, 262 App. Div. 860; Lewis v. Brooklyn Bus Corp., 252 App. Div. 875; Engel v. Brooklyn & Queens Tr. Corp., 252 App. Div. 792; MacKenzie v. Union Ry. Co., 82 App. Div. 124, affd. 178 N. Y. 638; Speck v. International Ry. Co., 133 App. Div. 802.)
“ The defendant selects its stopping place, invites its passengers to take the car and alight at that particular point, and some assurance of safety must accompany this selection and invitation.” (Speck v. International Ry. Co., 133 App. Div. 802, 805, emphasis supplied.) “ It was the duty of the railroad company to furnish plaintiff with a reasonably safe place from which to board the trolley car.” (Schwartz v. Brooklyn & Queens Tr. Corp., 264 App. Div. 905, supra.) Whether the company has furnished a safe place is a question of fact for the jury. (Young v. Jamaica Buses, 262 App. Div. 860, supra.)
*770 While it certainly is true that McMahon v. Surface Transp. Corp. of New York (272 App. Div. 202, 203) states that there must be some relationship of carrier and passenger before the duty devolves upon the carrier to provide a safe place to alight or board, injury suffered there was the result of a crowd pushing plaintiff on a place which was not a station or platform. The facts here indicate materially different circumstances. These islands were built specifically for the purpose of permitting ingress and egress from defendant’s public transportation vehicles. The bus stopped at a point directly opposite the hole in the sidewalk which had been in disrepair for several months. Under such circumstances, a question of .fact is presented.
To hold in effect that, as a matter of law, plaintiff’s intestate was not a prospective passenger, and thus was not the recipient of the duty owing by the carrier to exercise reasonable care in selecting a safe place to board the bus, would, to my mind, undermine settled law.
Accordingly the judgment of the Appellate Division should be reversed and a new trial granted, with costs to abide the event.
Judgment affirmed.