# THE

# New York Supplement

## VOLUME 105,

### AND

## New York State Reporter,

## VOLUME 139.

---

(55 Misc. Rep. 214)

### SCHWARTZ v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. June 27, 1907.)

CARRIERS—PASSENGERS—PERSONAL INJURIES—TAKING UP PASSENGERS.
 The duty of a street car company to give a person a fair and reasonable chance to get aboard its car does not arise until the car has been brought to a stop or the person has been invited to board it.

 Appeal from Municipal Court, Borough of Manhattan, Fifth District.

 Action by Jacob Schwartz against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

 Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

 William E. Weaver, for appellant.
 House, Grossman & Vorhaus, for respondent.

 SEABURY, J. The plaintiff has recovered a judgment awarding him damages, which he claims he sustained through the alleged negligence of the defendant. The plaintiff claimed the car had been brought to a stop, and, while in the act of attempting to board it, it was suddenly started, and that he was thrown and sustained the injuries in reference to which he testified. The defendant contended that the car was in motion, that it had not come to a stop, and that the plaintiff ran after it, and, in attempting to board it while it was in mo-

tion, was injured. The learned trial justice charged the jury as follows:

"As a matter of law it was the duty of the company to give the man a fair and reasonable chance to get aboard the car, and if, without his fault, the accident occurred through the negligence of the defendant, your verdict would have to be for the plaintiff."

To this part of the charge the defendant duly excepted. We think that this part of the charge was erroneous, and that a new trial should be ordered. The rule laid down by the learned trial justice was too broadly stated. The duty, which the justice declared the defendant was under, did not arise until the car had been brought to a stop or the plaintiff had been invited to board it. The jury were justified in drawing the inference, from the charge made by the trial justice, that the defendant was negligent in not bringing the car to a stop, so that the plaintiff might have "a fair and reasonable chance to get aboard the car." In view of the issue between the parties as to the manner in which the accident happened, we think that the error committed was prejudicial to the defendant.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.