(90 Misc. Rep. 665)

ARMOUR v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term, First Department.    June 23, 1915.)

1. STREET RAILROADS ⬡114—PERSONAL INJURY—EVIDENCE—NEGLIGENCE.
    In an action against a street railroad, where plaintiff testified that, while stepping from the platform of an elevated railroad station onto the platform of the car after the gate had been opened, the train joggled, and she fell down, and her foot went between the platforms, made out a prima facie case of negligence on defendant's part.
    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–250; Dec. Dig. ⬡114.]

2. STREET RAILROADS ⬡117—PERSONAL INJURY—INVITATION TO BOARD CAR.
    In an action against a street railroad for negligently moving its train, so that plaintiff fell between the platforms and was injured, the opening of the train gates made defendant's invitation to plaintiff to board the train a question for the jury.
    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. ⬡117.]

Appeal from City Court of New York, Trial Term.

Action by Rachel Armour against the Interborough Rapid Transit Company.    Judgment for defendant, dismissing the complaint, at the close of plaintiff's case, and plaintiff appeals.    Reversed, and new trial granted.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Henry L. Slobodin, of New York City, for appellant.

James L. Quackenbush, of New York City (B. H. Ames, of New York City, of counsel), for respondent.

BIJUR, [1] Plaintiff testified that, while in the act of stepping from the platform of an elevated railroad station at 149th street and Third avenue onto the platform of the car, after the gate of the train had been opened, "the train joggled, and I fell down, and my foot went between the platform of the train and the platform of the station." This statement, with its elaboration, seems to have made out a prima facie case of negligence on the part of defendant, and there was no reason why the complaint should have been dismissed.

[2] Respondent's contention that the opening of the gate was not a circumstance to be submitted to the jury, as an invitation to plaintiff to board the train, is not supported by the case cited by it, namely, Clark v. Met. St. Ry. Co., 68 App. Div. 49, 74 N. Y. Supp. 267. That case did not involve the opening of a gate at all, and the elaborate discussion by the court of the particular facts there at issue is sufficient to show that no possible analogy to the case at bar can be drawn therefrom.

The respondent also contends that "the duty of defendant to give the plaintiff reasonable opportunity to board the car did not arise until the car had been brought to a stop," citing Schwartz v. N. Y. C. Ry. Co., 55 Misc. Rep. 214, 105 N. Y. Supp. 1; but a reference to that case shows that it involved only the language employed in the charge and has no bearing whatsoever on the case at bar.

The judgment is therefore reversed, and a new trial granted, with costs to appellant to abide the event. All concur.